## SOLOMON POLLACK v. FLORENCE POLLACK

31 So. (2nd) 253                                          June Term, 1947
July 1, 1947                                                    Division A

*Norman R. Lyons,* for appellant.
*Amos Benjamin,* for appellee.

**TERRELL, J.:**

Solomon Pollack and Florence Pollack owned a home as an estate by the entireties at 925 N. W. 52nd Street, Miami, Florida. Florence Pollack secured a divorce from Solomon Pollack, who lived in the home up to the time the suit for divorce was instituted, and then removed from it. Florence Pollack with the two minor children are still living in the home.

The final decree of divorce granted Florence Pollack, the mother, the custody of the two minor children, with the right of visitation on the part of Solomon Pollack, the father; re-

quired the father to pay the mother fifteen dollars per week for their maintenance; it required him to pay all amounts due on that certain mortgage against the home, including interest, taxes and insurance; and gave the mother the use, occupancy and control of the home so long as she elected to occupy it with the minor children. Should she vacate it at any time, then the final decree provided that the parties hereto might agree on terms of rental or sale of the home. Both parties were prohibited from disposing of the furnishings without the written consent of the other.

In November, 1946, after the decree of divorce, Solomon Pollack instituted this cause by bill in equity praying for partition of the homestead, on the theory that although owned as an estate by the entireties prior to the divorce, and not subject to partition, subsequent to that event it became an estate of joint tenancy that might be partitioned. A motion to dismiss the bill was granted and this appeal was prosecuted.

The point for determination may be stated as follows: Is the homestead owned by the husband and wife as an estate by the entireties, subject to partition after a decree of divorce, despite the fact that it was allotted to the wife and minor children as a place of residence by the decree for divorce?

Appellant contends that this question should be answered in the affirmative, relying on Strauss v. Strauss, 148 Fla. 23, 3 So. (2) 727, and that line of cases holding in part that absolute divorce destroys an estate by the entireties, and converts the husband and wife into joint tenants or tenants in common as to the estate.

If we were confronted with the divorce and no more, there might be substance to his contention, but here, the chancellor awarded the home to the wife as a place of residence for her and the minor children so long as she elected to use it for that purpose. The final decree of divorce, in other words, charged the home with the obligation of the husband to support his wife and minor children. The chancellor was authorized to do this and so long as it is thus charged, a suit for partition is premature.

Appellant fails to take account of the well settled principle

that the law imposes on civilized man the duty to provide food, shelter and raiment for his own. It was one of the conditions upon which Adam was bounced out of the garden, and it has been the law ever since. Courts of equity have inherent jurisdiction to protect infants. Fisher v. Guidy, 106 Fla. 94, 142 So. 818. They are wards of the Court and when the Chancellor is concerned with their bread and butter, he does not take his cue from Elijah and the ravens, he draws it from the earnings of the father. He correctly applied the rule in this case, so his judgment is affirmed.

Affirmed.

THOMAS, C. J., CHAPMAN, J. and WILLIAMS, Associate Justice, concurring.