Suit for divorce by George W. Fuller, Sr., against Lucy A. Fuller, who filed a cross-bill for return of the proceeds of a sale of certain realty and return of two war bonds or payment of the value thereof. From so much of a decree, denying plaintiff a divorce, as directed him to pay defendant a specified sum and granted defendant exclusive use of the parties' home, plaintiff appeals.
Reversed in part and affirmed in part.
On November 17, 1947, George W. Fuller, Sr., appellant herein, filed his bill of complaint seeking a divorce from the appellee, Lucy A. Fuller, on the ground of extreme cruelty. Appellee filed an answer and cross complaint. She did not seek a divorce. In and by her cross bill she sought a return of the proceeds from the sale of certain real property, the title to which had been taken in her name. She did not allege that the property had been purchased with her separate funds, statutory or equitable. The evidence showed that the property had been purchased with funds belonging to the appellant. It is disclosed by the record that there were several transactions wherein real estate was bought and paid for by the husband and the title thereto placed either in the wife's name or in the name of both the husband and wife.
In addition to the real property transactions, it appears that on one occasion the appellant purchased a boat, the title to which rested in his wife's name, which boat was destroyed by fire. It was insured and the money paid by the insurance company to Lucy A. Fuller, appellee herein, was turned over to the appellant by the appellee. The appellee also contended that she had two $1,000.00 war bonds which at the time of filing her cross bill were in the possession of appellant. She sought the return of these bonds, or their value in cash.
Upon the conclusion of the taking of testimony, the Chancellor entered the final decree, which is now before us on appeal. In and by this final decree he denied a divorce as prayed for by the appellant and granted the appellee's prayer for the proceeds which had been realized from the sale of the real property, including one-half of the proceeds derived from the sale of property which was held as an estate by the entirety and the money paid by the insurance company on account of the loss of *Page 52 
the boat by fire. The Chancellor also directed the return of the two $1,000 war bonds to the appellee, or payment to her of their cash value. The final decree awarded the exclusive use to the appellee of the property which the parties had occupied as their home and which was the last real estate purchased by the appellant. The title to this property was taken in the names of both parties.
The appellant does not seek a reversal of the decree insofar as it denied unto him a divorce. That portion of the decree which directed the appellant to pay to the appellee $16,650.00 is challenged, as is also the provision of the decree which grants unto the wife the exclusive use of their home.
Appellant poses three questions for our consideration. These questions are as follows:
1. "Where a husband's funds purchased property used as a homestead and title taken in wife's name, in 1936 and 1937, without any agreement between the parties at the time title was taken in wife's name, property sold in 1940 and wife voluntarily turned proceeds of sale price over to husband without any agreement as to repayment and no understanding about it, the wife living `well off' from the husband's earning power with the use of said funds from 1940 to the filing of the divorce bill in 1947, never having requested the return of the money, would the Chancellor be in error in decreeing that the total of such funds be paid to the wife, when decree of divorce was denied to husband?"
2. "Where a husband's funds later purchased other property as a homestead and title taken in both husband and wife, creating an estate by the entireties, in 1938, without any agreement between the parties at the time title was taken in both parties, property sold in 1945 and wife voluntarily turned proceeds of sale price over to husband without any agreement as to repayment and no understanding about it, the wife living `well off' from the husband's earning power with the use of said funds, from 1945 to the filing of the divorce bill in 1947, never having requested the return of the money, would the Chancellor be in error in decreeing that one-half of the sale price be paid to the wife, when the decree of divorce was denied to husband?"
3. Where husband and wife have title to their homeplace as an estate by the entirety, and the husband sought a divorce which the Chancellor denied, should the Chancellor be affirmed in decreeing that the wife have the exclusive use of such home, thus depriving the husband of any use or enjoyment thereof?
Upon a careful consideration of the entire record, we are of the opinion that the third question should be answered in the affirmative. The evidence discloses that the Chancellor did not abuse his discretion in decreeing that the wife is entitled to the exclusive use of the home.
With reference to the first and second questions, we are of the opinion that the learned Chancellor, in each instance, committed reversible error. His decree was apparently predicated upon the theory that when the husband purchased the several properties which he did purchase and placed the title to them in his wife's name, such action on his part constituted a gift to the wife of the properties. There is, of course, the presumption that a gift was intended. However, when, as here, the respective properties were sold and upon each sale the proceeds derived from such sale were turned over by the wife to the husband, the presumption of a gift is overcome. Especially is this true where by her own testimony she shows that he did not demand the money but, at most, only requested that she turn it over to him and when her own evidence showed that she made no protest and voluntarily endorsed each check and delivered same to her husband. Moreover, during all of the period covered by the several transactions the husband not only supported the wife but, according to her own admissions, was most generous toward her, in fact gave her practically every material object her heart might desire. The appellee never once requested of the appellant that he return to her any of the monies which she had given to him until she filed her cross bill in the instant action. As aforementioned, the last piece of property purchased *Page 53 
by the husband was the home in which the appellee is now living and to which she has been given the exclusive right of user. Although the appellee testified that the husband wanted the funds derived from each sale to use in his business, it is nowhere shown that he did not use some of the money in the subsequent purchases, particularly the last purchase of real estate. This program of purchasing real estate and placing the title thereto in the appellee's name was initiated by the purchase of a piece of property which was used as the home of the parties. The final purchase was also of a home for both the appellee and the appellant. This property is now owned by these people who are still husband and wife and is held by them as an estate by the entirety. No divorce has been granted. The parties are still married but are living separate and apart. The Chancellor might have granted separate maintenance to the appellee but should not have decreed that the appellant pay unto the appellee the sum of $16,650.00 upon the false premise that he, the appellant, had in his possession said sum of money which was the separate property of the wife.
The final decree should be reversed insofar as it directed the appellant to pay unto the appellee $16,650.00 but in all other respects it should be affirmed.
Reversed in part and affirmed in part.
TERRELL, ADAMS and BARNS, JJ., concur.