45 So.2d 885 (1950)
VALENTINE
v.
VALENTINE.
Supreme Court of Florida, Division A.
April 25, 1950.
*886 William J. Pruitt, Miami, for appellant.
Hubbard & Carr, Miami, for appellee.
THOMAS, Justice.
After a study of this case in the light of the briefs we are not disposed to interfere with the chancellor's decree, except that part of it directed to the "former home" of the parties. He found that this property was held as an estate by the entireties and was valued at $10,231. He thereupon ordered the defendant-husband to pay the plaintiff-wife one half that amount and ordered the latter to convey to the former all her interest. The statute, Section 689.15, Florida Statutes, 1941, and F.S.A., provides that "in cases of estates by entirety, the tenants, upon divorce, shall become tenants in common."
The chancellor, by his decree, severed the marriage relationship and decided that the parties owned equal interests in the estate. Once the marriage contract was dissolved and the proportionate share of each in the estate was fixed, appellant and appellee became tenants in common, and thereafter it was for them to determine whether the property should be partitioned or whether one should purchase the interest of the other.
The decree is reversed in this respect with directions to revise it so that it will provide simply that the property, held until the time of the divorce as an estate by the entireties, be owned by the parties in equal shares as tenants in common.
Affirmed in part; reversed in part.
ADAMS, C.J., and TERRELL and ROBERTS, JJ., concur.