52 So.2d 908 (1951)
McRAE
v.
McRAE.
Supreme Court of Florida, Division B.
June 8, 1951.
R.C. Lohmeyer, Miami Beach, and J.C. Howell, Atlanta, Ga., for appellant.
Mason & Vann, Miami, for appellee.
*909 ROBERTS, Justice.
The appellant, who was plaintiff and cross-defendant in divorce proceedings in the court below, appeals from those portions of the divorce decree (1) awarding to defendant and cross-plaintiff the sum of $35 per week as alimony and support for the four minor children of the parties, together with the right to use and occupy the homestead of the parties as her residence, and (2) enjoining the appellant from disposing of his interest in the homestead and "in any other property he may own either within this state or outside of this state" until the further order of the court. The appellant does not object to those portions of the decree granting to the appellee, as cross-plaintiff, a divorce and the custody of the children.
In his argument going to the question of the excessiveness of the award for the support of his former wife and children, the appellant does not here contend that the award is more than that which is necessary to support them; and, indeed, this contention could not be sustained. The wife has no money or property, other than a one-half interest in the homestead, which is owned jointly by the parties; she has no means of livelihood; and, in any event, she will be required to devote all her time during the next several years to the care and upbringing of her four small children, the oldest of which is only eight years of age. Under such circumstances, it cannot be said that the weekly allowance of $35  which will do little more than provide food and clothing for the appellee and the children  and the award to the appellee of the use and occupancy of the homestead, is excessive insofar as the needs of the wife are concerned.
Counsel for appellant does, however, argue earnestly and eloquently that the award is excessive insofar as the ability of the husband to pay is concerned. The appellant testified that he owns and operates a hardware store in Ojus, Florida, and that he owns other real estate in Gainesville and Jacksonville, Florida; that the total gross sales of the hardware store for the year 1949 were $17,581.09, and for the first six months of 1950, almost $6,000. He testified also, however, that his property in Gainesville and Jacksonville produces no income and is practically worthless; that his only income-producing property is the hardware store, and that it has operated at a loss for each of the eight years since it was established. The Chancellor, who heard all the evidence of the parties, was of the opinion that the appellant's testimony as to his financial worth, and particularly as to his operating the store at a loss for a period of eight years, "just didn't add up," and we are in entire agreement with this conclusion. The record shows that the appellant charges to the business, as salary for himself, the sum of $150 per month; and we think that the evidence and the inferences reasonably deducible therefrom are ample to show that the appellant is able to draw an equal sum for the support of his wife and children.
It is not indicated in the brief filed on behalf of appellant just what sum appellant would consider himself able to pay to support his former wife and children; but from what appears therein, and from appellant's testimony, we can only conclude that he does not consider himself able to pay anything at all to support them, from which we deduce that the appellant must be content to slough them off as wards of the state or some charitable institution. As to this, our views cannot be better expressed than in the language of Mr. Justice Terrell in Pollack v. Pollack, 159 Fla. 224, 31 So.2d 253, 254, when he said: "Appellant fails to take account of the well settled principle that the law imposes on civilized man the duty to provide food, shelter and raiment for his own. It was one of the conditions upon which Adam was bounced out of the garden, and it has been the law ever since. Courts of equity have inherent jurisdiction to protect infants. * * * They are wards of the Court and when the Chancellor is concerned with their bread and butter, he does not take his cue from Elijah and the ravens, he draws it from the earnings of the father."
We hold, therefore, that there was no error in awarding to the appellee the sum of $35 per week as alimony and support *910 for the children; and the award to the appellee of the use and occupancy of the homestead is justified under the circumstances here present and under the decision of this court in Pollack v. Pollack, supra.
The appellant also contends that the lower court erred in enjoining him from disposing of his interest in the homestead and "in any other property he may own either within the state or outside of this state until further order of the court."
Section 65.11, Florida Statutes 1949, F.S.A., provides that "when the husband is about to remove himself or his property out of the state, or fraudulently convey or conceal it, the court award a ne exeat or injunction against him or his property, and make such order or decree as will secure the wife's alimony to her", and it is further provided in Section 65.14, ibid., that "In any suit for divorce or alimony, the court shall have power at any stage of the cause to make such orders touching the care, custody and maintenance of the children of the marriage, and what, if any, security to be given for the same, as from the circumstances of the parties and the nature of the case may be fit, equitable and just * * *." Under such statutes, as well as through its inherent power to do all things necessary for the administration of justice, a court of equity may, in a proper case, grant an injunction where it is necessary to prevent defeating the order of the court by alienation of property. See Jensen v. Jensen, 144 Neb. 857, 15 N.W.2d 57; Hagert v. Hagert, 22 N.D. 290, 133 N.W. 1035, 38 L.R.A.,N.S., 966; Harding v. Harding, 120 Ill. App. 389; Wassung v. Wassung, 136 Neb. 440, 286 N.W. 340, 342; 17 Am.Jur., Divorce and Separation, Sec. 524, p. 428; 27 C.J.S., Divorce, § 267, p. 1064.
In the instant case, we think that the circumstances clearly warranted the Chancellor in enjoining the appellant from disposing of his one-half interest in the homestead in order to secure to appellee and her children the use and occupancy thereof, and there was therefore no error here.
As to the remaining property, however, which was described in the decree as "any other property he may own either within this state or outside of this state," the final decree must be reversed. Even though the injunction might be said to be temporary only, since it could be terminated at any time by order of the court, we do not think a proper showing was made by the appellee for the issuance thereof. It was neither alleged nor proved that the appellant intended to convey or conceal his business property in order to defeat the appellee's claim for alimony and support money; and, while we share the suspicion obviously entertained by the Chancellor that the appellant was not disposed to pay his wife and children anything except as compelled to do so by the court, we do not think this is a sufficient justification for tying the appellant's hands insofar as the management and control of his business property is concerned.
For the reasons stated, the decree is affirmed except as to that portion enjoining the appellant from disposing of his interest in "any other property he may own either within this state or outside of this state."
Affirmed in part and reversed in part.
SEBRING, C.J., and CHAPMAN and ADAMS, JJ., concur.