59 So.2d 871 (1952)
BOLES
v.
BOLES.
Supreme Court of Florida, Special Division A.
June 27, 1952.
Rehearing Denied August 5, 1952.
P. Donald DeHoff, Jacksonville, for appellant.
Wayne E. Ripley, Jacksonville, for appellee.
TERRELL, Justice.
Appellee sued appellant for divorce and for division of certain real and personal property, a portion of the realty being owned as an estate by the entireties. At final hearing the Master found that Lots 21, 22, 26, and 27, Block 2, Glendale, Jacksonville, Duval County were purchased jointly by plaintiff and defendant. He recommended that plaintiff be required to quitclaim defendant, within five days, all her right, title and interest to Lots 21 and 22 so described and that defendant be required to quitclaim plaintiff within five days, all his right, title and interest to Lots 26 and 27 so described.
The final decree granted the divorce, approved the recommendation of the Master as to the lots of land described in the preceding paragraph, taxed costs of the suit to defendant and required him to pay certain fees to the Special Master and the complainant's solicitor, including alimony payments to complainant. This appeal is from that part of the final decree making distribution of the property. That part granting the divorce is not assaulted.
Appellant contends that the parties had been living together as husband and wife for seventeen years, that he had contributed large sums of money to the improvement of lands owned by plaintiff at the time of their marriage, that he contributed to the purchase and improvement of the lands purchased after their marriage and that in view of this and other contributions made by him to the common estate, the division made by the final decree was inequitable and unjust.
We have examined these contentions and find that they were all decided against appellant on evidence that was conflicting but ample to sustain the chancellor's decree. We find no reason to reverse the decree except as to distribution of Lots 21, 22, 26, and 27, Block 2, Glendale, Jacksonville.
We think that part of the final decree requiring plaintiff to quitclaim defendant her interest in Lots 21 and 22, Block 2, Glendale and requiring defendant to quitclaim the plaintiff his interest in Lots 26 and 27, Block 2, Glendale, was error. These properties were purchased by the joint funds of the parties and title to them was taken in their joint names. They constituted an estate by the entireties and on the dissolution of the marriage the parties became tenants in common as to said lots and the final decree should have so stated. Section 689.15, F.S.A. To this extent the *872 decree appealed from is reversed. In other respects it is affirmed. Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727; Giachetti v. Giachetti, 157 Fla. 259, 25 So.2d 658.
It follows that the decree appealed from is affirmed in part and reversed in part.
Affirmed in part, reversed in part.
SEBRING, C.J., THOMAS, J., and MURPHREE, Associate Justice, concur.