98 So.2d 337 (1957)
Percival M. BANKS, Appellant,
v.
Frances L. BANKS, Appellee.
Supreme Court of Florida.
November 20, 1957.
Burton G. Henson, Tampa, for appellant.
Branch & Goff, Tampa, for appellee.
O'CONNELL, Justice.
Percival M. Banks was defendant below and is the appellant here. His wife, Frances L. Banks, was plaintiff below and is appellee here. The decree appealed from granted plaintiff a divorce and gave to her exclusive rights for the remainder of her life to the use and occupancy of the home *338 which was held by the parties during their marriage as an estate by the entirety. Defendant questions on appeal only the provisions of the decree concerning the property of the parties.
A few years before his marriage to plaintiff, defendant purchased a home and resided therein with a married daughter and her family. At the time of the marriage of the parties to this appeal, there was a mortgage on the home representing the remainder of the purchase price. Shortly after the marriage the defendant's daughter and her family moved out of the home. Shortly after the marriage defendant and his wife, the plaintiff, conveyed the property to a third party who reconveyed it to them as an estate by the entireties.
The marriage lasted for about eight years. During that period of time the defendant was ill several times and without work for long periods of time. The plaintiff spent much of her personal money on the home and for their maintenance. She entered the marriage with some money and later inherited an additional sum. She took in boarders in their three bedroom home and, in connection therewith, performed various labors in the home to supplement their income. With her money she kept up the monthly mortgage payments and then paid off the balance of principal due.
When defendant was employed, his earnings were shared by his wife.
Eventually the marriage collapsed. The parties separated and the plaintiff occupied the home, retaining all income received from renting rooms in it. She then sued for divorce on the ground of extreme cruelty.
Defendant alleged that he conveyed his home to the plaintiff and himself through a conduit only because the plaintiff importuned and caused him to do so by duress and undue influence and without consideration. He offered no defense as to the charge of extreme cruelty. He asked the court to set aside the conveyance creating the estate by the entireties or, in the alternative, require the plaintiff to convey to him her purported title subject to an equity in her favor. The cause was referred to a special master.
After hearing the testimony of the parties, the master entered his report finding that there was no basis for defendant's contention that there was fraud or duress involved in the creation of the estate by the entireties. He stated "there is testimony that plaintiff contributed quite liberally toward the purchase of the property." He also found that the plaintiff, who was in possession of the house, was apparently better off than the defendant.
The master then recommended that the court award to the plaintiff a final decree of divorce. He stated that, as to the real property, he saw no alternative other than to leave the property where the court found it, although that had the unfortunate result of making the parties tenants in common. He recommended that the plaintiff be allowed to continue in possession of the real property, together with the furnishings, so that she might enjoy the use and benefit by the proceeds from it, "in lieu of any payment of alimony by the defendant."
A final decree was entered by the chancellor, overruling exceptions to the master's report and granting the divorce to the plaintiff. The chancellor recited that the plaintiff "contributed substantially to the investment in the said property, said contribution by the plaintiff amounting to considerably more than the contribution by the defendant." He stated that the plaintiff was an elderly woman with no regular income except what was derived from the rental of the subject property and it was necessary for her continued sustenance that she be permitted to continue to have the exclusive use of the property. He said if the parties were to divide the property upon the basis of the equitable interest of each, considering the investments made in *339 the property by each of them, the plaintiff would be entitled to a much larger portion than the defendant.
As to the property, the final decree provided that the legal title to the real property remain unchanged, but the plaintiff was to be permitted to occupy and use the premises and the furniture therein exclusively for the remainder of her life, using all rents therefrom as a means of self support. The defendant was enjoined from going upon the premises.
Defendant appeals from that portion of the decree concerning the property.
Defendant's first point on the appeal is that there is no substantial evidence, if any, that the plaintiff contributed anything toward the purchase of the property. This argument is without merit, as indicated by the findings of both the master and the chancellor. The record contains ample, substantial evidence to support those findings.
The second point is that the deed changing the title from the defendant to an estate by the entireties, while he had living children, was void. He contends on appeal that the decree thrust him out of his premarital homestead, while he had living children, and amounted to a taking of his property without due process.
Defendant's second point cannot be considered by this Court. The argument concerns alienation of homestead real estate, but nowhere in the pleadings did defendant allege that the subject property was homestead, either before his marriage to the plaintiff or afterwards. In his answer, defendant merely alleged the property was owned by him two and a half years before his marriage to plaintiff. In his amended answer and counterclaim he merely referred to the property as "his home and real estate." It is our opinion that had defendant desired the trial court, or this Court, to consider the validity of the transfer of his realty in that it was homestead property, he should have alleged clearly and definitely every fact necessary to prove his case. Herrin v. Brown, 1903, 44 Fla. 782, 33 So. 522; Matthews v. Jeacle, 1911, 61 Fla. 686, 55 So. 865. Since the burden was upon him to allege and prove the homestead character of the property, his failure precludes consideration of his argument on this point.
Defendant's last point raised is that the decree granting the plaintiff the exclusive use, rents and income from the property for her natural lifetime is in effect the taking and conveyance of his property (since her life expectancy exceeds his) and amounts to a bill of attainder. His complaint is that he has been compelled to forfeit all his property and since he is old and infirm he is left to the mercy of his children.
Plaintiff was awarded the use and profits of the property in lieu of alimony. We have previously decided that in a divorce proceeding a chancellor may, in the exercise of his judicial discretion, charge property held in an estate by the entireties with the husband's obligation to support the wife and minor children by giving her the use, occupancy and control of the property, even though the property was homestead. Pollack v. Pollack, 1947, 159 Fla. 224, 31 So.2d 253, and McRae v. McRae, Fla. 1951, 52 So.2d 908. See also Fuller v. Fuller, Fla. 1948, 38 So.2d 51. This is equally true where, as in this case, the duty of support runs to the wife alone. The decree in this cause did not divest the defendant of his interest in the real property and, as we view it, left him the absolute owner of the personal property in the home, subject to the use thereof by the plaintiff for her natural lifetime. The portion of the decree relating to the property does not constitute a taking of defendant's property. It does not amount to a bill of attainder.
We have carefully reviewed the evidence pertaining to the equities between the parties, their respective financial positions, and the result of that portion of the decree *340 granting the wife the use and profits of the property involved herein. As is usually the case, there is not enough to satisfy the needs or desires of both parties. It is impossible in such cases for a chancellor of the greatest wisdom to strike a balance which could be said to be absolute justice and equity. There is not enough income or property to go around. Solomon could not have solved the financial problems of these parties, unless he had been willing to contribute some of his treasures to meet their needs. To them, living apart will be a luxury they can ill afford. We are of the opinion that the chancellor did not abuse his discretion in his decree, and that the decree should be affirmed except as set forth below.
The decree gives the plaintiff wife the right to have the use and profits of the property involved herein "for the remainder of her life", such award being given in lieu of alimony. Being in lieu of alimony, the decree should also provide that the charge upon the property will cease upon the remarriage of the wife. It is also possible that other circumstances, involving either of the parties, may so change that equity would require a modification of the decree as to the use and profits of the property. Accordingly the final decree should be modified to provide that the wife shall have the use and profits of the subject property until her death or remarriage, and to provide that the court retains jurisdiction to enter such further orders relating to said property, its use and profits, as justice and equity may from time to time require.
Accordingly, the decree appealed from is affirmed as modified hereby, and is remanded only for the entry of an order or decree modifying the final decree in accordance with this opinion.
TERRELL, C.J., and HOBSON, ROBERTS and DREW, JJ., concur.