121 So.2d 42 (1960)
Jean A. LATTA, Appellant,
v.
Parker A. LATTA, Appellee.
No. 59-201.
District Court of Appeal of Florida. Third District.
June 2, 1960.
*43 Zugravu, Buck & Hawkesworth, Miami, for appellant.
Gustafson & Vernis, Miami, for appellee.
PEARSON, Judge.
Parker Latta, the husband of Jean Latta, brought suit for divorce in the Circuit Court of the Eleventh Judicial Circuit. On February 26, 1959, the chancellor awarded a divorce to Parker and provided in the decree as follows:

*44 "The court reserves jurisdiction of the cause for the purpose of determining whether or not the parties can agree upon a property settlement. The defendant has obviously contributed to the upbuilding and the success of the plaintiff's business and is, therefore, entitled to some consideration in the matter of alimony in periodic installments or in a lump sum award."
Unfortunately the parties were unable to agree upon a property settlement. On the 27th day of March 1959, the chancellor entered an amended final decree of divorce in which he provided as follows:
"Ordered, Adjudged and Decreed, as follows:
"(a) That the plaintiff, Parker A. Latta, and the defendant, Jean A. Latta, be and they are hereby divorced of and from each other a vinculo matrimonii.
"(b) That the defendant be and she is hereby ordered and directed to forthwith convey by good and sufficient deed all of her right, title and interest in and to the following described property:
"The SE 1/4 of the NE 1/4 of the NE 1/4 of the NE 1/4, of Section 8, Township 55 South, Range 40 East, Dade County, Florida also known 10550 S.W. 97th Avenue, Miami, Florida, together with furniture, fixtures and equipment contained therein,
"and to execute any and all other instruments necessary to properly effectuate this conveyance.
"(c) That the plaintiff be and he is hereby ordered to pay over to the defendant as lump sum alimony a total sum of Ten Thousand ($10,000.00) Dollars, which shall be paid as follows: Five Thousand ($5,000.00) Dollars within five days from the entry of this decree, and the remaining Five Thousand ($5,000.00) Dollars on or before sixty days from the entry of this decree.
"(d) That the defendant be and she is hereby ordered and directed to forthwith deliver to the plaintiff the possession of that certain 1957, Chevrolet Bel Air Sedan now in her possession.
"(e) That the plaintiff be and he is hereby ordered and directed to forthwith convey by good and sufficient deed all of his right title in and to one only of the cemetery lots located in Memorial Park Cemetery, 6200 S.W. 77th Avenue, Miami, Dade County, Florida.
"(f) That upon receipt of the first $5,000.00 payment from the plaintiff, the defendant be and she is hereby ordered and directed to simultaneously therewith deliver possession of the real and personal property described in paragraph (b) above to the plaintiff."
Jean Latta appeals and complains among other things that: (1) The evidence does not sustain the finding that she has been guilty of conduct giving rise to cause for divorce, but the evidence should sustain a finding that the husband was guilty of extreme cruelty. (2) The home, which was held as an estate by the entirety during the marriage, became a tenancy in common upon the entry of the decree of divorce and thereafter the chancellor was without authority to require her to convey her moiety to Parker. (3) Her interest in the joint business was recognized by the first final decree of divorce and that the chancellor has therefore erred by his failure to set forth in the amended final decree the extent of her interest. Finally she urges that the court improperly failed to award her attorney's fees.
Appellant's contention that the evidence is insufficient to support the court's finding that she is guilty of the grounds charged or that the evidence supports a finding the husband was guilty of extreme cruelty is without merit. An examination of the record reveals sufficient evidence *45 which, if believed by the chancellor, constituted grounds for his finding in favor of the husband and against the wife.
Upon the second point, which raises the question of the title to the residence, we are faced with a more difficult problem. It is possible that the chancellor, after having given the parties an ample opportunity to settle their financial affairs, thereafter, made for them a fair property settlement. The question is whether or not a chancellor has the power to make a property settlement for the parties to a divorce when they failed to do so themselves.
In settling the financial affairs growing out of a divorce suit, where there are no children involved, the chancellor must determine the alimony, if any, to be paid to the wife. This determination will of course be based upon recognized principles including the need of the wife, the ability of the husband to pay, and the right of the wife to continue to look to her former husband for support. It is always difficult for the parties to a divorce to realize that these determinations are not made upon the basis of fault. The chancellor may by statute grant lump-sum alimony. Here again the right to alimony is independent and apart from the grounds for divorce.
The second financial matter which a chancellor may be called upon to settle in a divorce case, where the support of children is not involved, is the special interest of one of the parties in property held by either or both of them. This determination of the chancellor must be based upon established legal and equitable principles rather than upon an expeditious settlement of the financial affairs of the parties. The interest of a party in property held in the spouse's name or in their joint names may be legal or equitable. Where it is legal, the property remains in the party unless it is subject to a trust in favor of the other. If the interest of the party is equitable and the interest is properly pleaded and proved, the chancellor may declare the equity involved and determine its extent and nature. Having determined that one party has an equitable interest in property held jointly or severally the chancellor may declare the equity and provide for its enforcement. When the parties own property by the entirety an additional factor must be taken into consideration. The law implies that when a husband places property in his own name and in his wife's name the consideration for the transfer is love and affection. In the absence of a direct showing to the contrary the wife will be held to be the owner of a one-half interest upon the granting of divorce. Kollar v. Kollar, 155 Fla. 705, 21 So.2d 356. Section 689.15, Fla. Stat., F.S.A., provides that in every case where husband and wife own property as an estate by the entirety, they shall upon the granting of a decree of divorce become tenants in common in absence of a specific provision in decree to the contrary. Therefore, in every case where one party does not have an equitable interest in the property held as an estate by the entirety over and beyond that party's legal interest, the parties become tenants in common upon the granting of the divorce. The portion of the amended final decree which required the wife to convey her share in the home which was formerly held as an estate by the entirety must be set aside, and upon remand of this cause, the chancellor will determine whether or not either party has an equitable interest in the home which must be protected. In event he finds no such equitable interest the parties will become tenants in common as provided by the statute. Boles v. Boles, Fla. 1952, 59 So.2d 871; Valentine v. Valentine, Fla. 1950, 45 So.2d 885.
The decree of divorce entered by the chancellor recognized the wife's right to a share in the business which she and her husband had built up. This special equity was alleged in the wife's counterclaim for divorce and is well supported by the evidence. Yet the amended final decree of divorce fails to make provisions for this *46 special equity of the wife. Therefore, upon a remand of this case, the chancellor will be in a position to determine the extent of the interest and provide for its payment to the wife.
Having determined that the property settlement provisions of the amended final decree must be reconsidered, this cause is remanded for the entry of an amended final decree in accordance with the views expressed in this opinion. In the event the chancellor shall determine, that in light of the failure of the property division which he made for the parties, it is necessary to take additional testimony to determine the extent of interest of any party, then such additional proceedings as the chancellor shall determine to be necessary shall be had prior to the entry of the second amended final decree.
Reversed and remanded.
HORTON, C.J., and CARROLL, CHAS., J., concur.