123 So.2d 298 (1960)
Evelyn W. BROWN, Appellant,
v.
James R. BROWN, Appellee.
No. 59-423.
District Court of Appeal of Florida. Third District.
September 29, 1960.
*299 John W. Wright, Miami, for appellant.
Hollis Rinehart and Claude Pepper, Miami, for appellee.
HORTON, Chief Judge.
Plaintiff and cross-defendant appeals from an amended final decree in a divorce action. In the answer, and by way of cross-claim, appellee alleged that a substantial portion of a trust fund, of which the parties' two minor children were the sole beneficiaries, had been used for the down payment on a home, the title to which was held by the parties as an estate by the entireties. In addition to seeking a divorce on the cross-claim, appellee prayed for an accounting of the trust funds. The appellant answered the cross-claim, admitting the allegations concerning the use of the trust funds.
Following a hearing, a decree of divorce was entered, wherein the appellant was permitted full use and occupancy of the home jointly owned by the parties, was granted temporary custody of and support for the minor children, and the cause was transferred to the Juvenile and Domestic Relations Court for determination of permanent custody and support. Permanent alimony was expressly denied. Upon motion and following a hearing, the chancellor modified the decree by awarding temporary custody and support to the paternal grandparents. Subsequently, the appellee moved for an order to recover the trust assets, which was directed to the home decreed to the use and occupancy of the appellant. In this motion he alleged that pursuant to the decree of divorce the Juvenile and Domestic Relations Court had awarded custody of the two minor children to him on the condition that the children reside in the paternal grandparents' home. Further, that the appellant had remarried and continued to reside in the home jointly owned by the parties which was held in trust for the two minor children. Following rehearing on the order denying this motion, the chancellor entered the amended final decree from which appeal is taken. By this amended final decree, the chancellor deleted and struck from the final decree that portion granting use of the questioned premises to the appellant, and in doing so, said:
"The sole disposition of the Court in granting the full use and occupancy heretofore being in the interest of the minor children. This matter was not *300 completed and was left open by the transfer to the Juvenile and Domestic Relations Court, it is not now to the best interest of said minor children that the Plaintiff Counter-defendant be permitted to occupy the premises * * *."
In addition, he established the children's trust interest in the real property to the extent of $3,500, being the sum used from the children's trust to purchase the property.
On appeal, the appellant contends (1) that the chancellor did not have jurisdiction to amend the final decree of divorce as to the property rights of the parties; (2) that the chancellor erred in awarding to the minor children an interest in property owned by their parents where the court had already determined by its final decree of divorce that the children had no interest in the property; and (3) that there was insufficient evidence to sustain the decree rendered.
Where a husband and wife own property as an estate by the entireties, the granting of a divorce results in making them tenants in common. However, the chancellor should not go further, in the absence of special circumstances, and order that one of the parties transfer their property interest to the other party. See Valentine v. Valentine, Fla. 1950, 45 So.2d 885; Boles v. Boles, Fla. 1952, 59 So.2d 871; Latta v. Latta, Fla.App. 1960, 121 So.2d 42; cf. Banfi v. Banfi, Fla.App. 1960, 123 So.2d 52. As an incident of the chancellor's power to award child support, he may award to the wife the use of a home acquired as an estate by the entireties. Pollack v. Pollack, 159 Fla. 224, 31 So.2d 253; Fuller v. Fuller, Fla. 1948, 38 So.2d 51; McRae v. McRae, Fla. 1951, 52 So.2d 908; Banks v. Banks, Fla. 1957, 98 So.2d 337. When the court awards to the wife, as an incident of child custody, the use of a home owned as an estate by the entireties, this is in the nature of maintenance and not a transfer of title to property. See 10 Fla.Jur., Divorce, § 213. Here, the final decree denied permanent alimony to the wife, and although she was granted temporary custody, the husband was subsequently granted the permanent custody of the two minor children. Under the circumstances, we conclude the chancellor was eminently correct in entertaining the motion for an order to recover the trust assets and in adjudicating the rights of the children in the real property. The chancellor by his decree merely fixed the rights of the parties in the realty and did not undertake to divide it. See Bezanilla v. Bezanilla, Fla. 1953, 65 So.2d 754; Lopez v. Avery, Fla. 1953, 66 So.2d 689; §§ 65.14, 65.15, Fla. Stat., F.S.A.
We have carefully considered all of the contentions urged by appellant and conclude that reversible error has not been demonstrated. Accordingly, the decree appealed is affirmed.
Affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.