223 So.2d 95 (1969)
T. Wayne THOMPSON, Appellant,
v.
Jacqueline S. THOMPSON, Appellee.
No. 68-645.
District Court of Appeal of Florida. Second District.
May 23, 1969.
*96 Robert H. Carlton, Tampa, for appellant.
John C. Williams, Jr., of Law Office of Gordon H. Savage, Jr., Leesburg, for appellee.
HOBSON, Acting Chief Judge.
Defendant-appellant, T. Wayne Thompson, appeals the denial of his petition to further modify a final decree in a divorce action and the granting of certain modifications requested by the appellee.
The original final decree herein was entered on June 27, 1967. Among other matters in the final decree, plaintiff-appellee, Jacqueline S. Thompson, was granted the use and occupancy of the former marital home of the parties and defendant was required to continue to make the monthly mortgage payments thereon. Subsequently, on February 19, 1968, the court entered an order modifying the above final decree by reducing support payments. Thereafter, the defendant husband filed a motion (the denial of which is in part the basis of this appeal) to further modify the original final decree by allowing him visitation privileges on Sunday of each week rather than on alternating Sundays as provided in the original final decree.
In response to defendant-husband's motion, plaintiff-wife filed and served upon defendant's attorney a motion to strike defendant's petition. Simultaneous with this act, plaintiff-wife had filed and served a motion of her own seeking to modify the original final decree to provide no visitation *97 rights to defendant-husband, to allow plaintiff to lease the former home of the parties and apply the proceeds to support the minor children, and for attorney's fees and court costs.
A hearing was held on the foregoing motions on August 22, 1968. At that time and on stipulation of counsel, the court merged the two motions to modify the original decree and made its decision upon the basis of the total testimony.
On November 21, 1968, the lower court entered its order further modifying the original decree by granting the plaintiff-wife the right to lease the former home of the parties and apply the proceeds for support of herself and the minor children. This order also allowed the plaintiff attorney's fees in the amount of $500 and costs.
The questions raised by appellant may be restated as follows:
I. DOES THE LOWER COURT, IN A POST-DECRETAL PROCEEDING, HAVE JURISDICTION TO GRANT PLAINTIFF-APPELLEE THE RIGHT TO LEASE THE FORMER MARITAL HOME OF THE PARTIES WHERE THE ORIGINAL FINAL DECREE LEFT THE PARTIES AS TENANTS IN COMMON AND GRANTED PLAINTIFF-APPELLEE THE RIGHT OF POSSESSION AND USE OF SAID PROPERTY?
II. DID THE LOWER COURT ABUSE ITS DISCRETION BY GRANTING PLAINTIFF-APPELLEE THE RIGHT TO LEASE THE FORMER MARITAL HOME OF THE PARTIES?
III. UNDER SECTION 61.15, F.S.A., WAS THE PLAINTIFF-APPELLEE ENTITLED TO ATTORNEY'S FEES AND COSTS IN THE COURT BELOW?
These questions will be discussed in order.

I.
In divorce cases it is a fundamental rule of law "that a final decree * * * settles all property rights of the parties and bars any action thereafter brought by either party to determine the question of property rights." Finston v. Finston, 160 Fla. 935, 937, 37 So.2d 423, 424 (1948); Cooper v. Cooper, 69 So.2d 881, 883 (Fla. 1954); Smith v. Bollinger, Fla.App. 1962, 137 So.2d 881, 884. See also: Jones v. Jones, Fla.App. 1962, 140 So.2d 318 and Durham v. Ellis, Fla.App. 1963, 157 So.2d 185.
At this point it would be well to differentiate between property rights which appellant correctly argues may not be modified subsequent to entry of a final divorce decree, and provisions in a final decree which are in the nature of alimony or support provisions, which may be modified subsequent to entry of a final decree of divorce in accordance with the provisions of § 61.14, F.S.A.
The original decree of divorce herein provided, in part, as follows:
"7. That the defendant shall pay all mortgage payments, insurance and taxes on the home located at 715 Poinsettia Avenue, Eustis, Florida; shall restore the house to the condition that it was at the time the parties separated, including furnishings, and the plaintiff shall have possession and use of said property, as well as being an owner in common with the defendant. Defendant shall have the home ready for occupancy by the plaintiff and minor children on or before July 31, 1967, and plaintiff is to move in and occupy said premises on or before August 15, 1967."
As child support and alimony, the original decree ordered weekly payment of $65 and $25 respectively for a total of $90 per week.
The lower court by its order dated February 19, 1968, reduced the alimony and *98 child support to a combined total of $50 weekly.
The modification here appealed provided, in part, as follows:
"1. That the Plaintiff be and she hereby is authorized to rent the former residence of the parties at 715 Poinsettia Avenue, Eustis, Florida, and to apply the net proceeds therefrom, after deduction of ordinary maintenance expenses, to the support of herself and her minor children."
The above-quoted portion of the original divorce decree and the two modifications above referred to come within the purview of Brown v. Brown, Fla.App. 1960, 123 So.2d 298, wherein it is stated at page 300:
"Where a husband and wife own property as an estate by the entireties, the granting of a divorce results in making them tenants in common. However, the chancellor should not go further, in the absence of special circumstances, and order that one of the parties transfer their property interest to the other party. See Valentine v. Valentine, Fla. 1950, 45 So.2d 885; Boles v. Boles, Fla. 1952, 59 So.2d 871; Latta v. Latta, Fla.App. 1960, 121 So.2d 42; cf. Banfi v. Banfi, Fla. App. 1960, 123 So.2d 52. As an incident of the chancellor's power to award child support, he may award to the wife the use of a home acquired as an estate by the entireties. Pollack v. Pollack, 159 Fla. 224, 31 So.2d 253; Fuller v. Fuller, Fla. 1948, 38 So.2d 51; McRae v. McRae, Fla. 1951, 52 So.2d 908; Banks v. Banks, Fla. 1957, 98 So.2d 337. When the court awards to the wife, as an incident of child custody, the use of a home owned as an estate by the entireties, this is in the nature of maintenance and not a transfer of title to property. See 10 Fla.Jur., Divorce, § 213." (emphasis added)
We therefore hold, as pertains to point one, that the lower court had jurisdiction to enter the order it did as the facts herein when viewed in the light of the Brown case, supra, clearly indicate that what is involved here is not a transfer of the title to property but an incident of child custody, child support and alimony.

II.
As to the abuse of discretion on the part of the lower court, an examination of the record reveals the circumstances of the appellant have altered since entry of the original decree herein. By the terms of the original decree, appellee was awarded alimony and child support totaling $90 weekly, plus use and occupancy of the former marital home. This decree was modified, and thereafter appellant was required to pay only the sum of $50 weekly as both alimony and child support, representing a total reduction of $160 per month. By leasing the home, appellee will profit by approximately $100 monthly and certainly appellant is in no worse a position as a result of the provisions of the second modification herein appealed than he was prior thereto as regards the house.
The fact that appellee and the children plan to rent the marital home rather than live there would not seem to be a bar. In Banks v. Banks, 98 So.2d 337 (Fla. 1957), the Supreme Court upheld a final decree in which the wife was granted the rents and profits of the former marital home, although the parties continued to hold as tenants in common. There were no children in the Banks case and the rents and profits were awarded in lieu of alimony.
In the case sub judice, there are children involved and while the right to lease the premises was not awarded in lieu of alimony or child support, such order did follow a reduction of alimony and child support amounting to some $160 per month. Any profits from the lease were to be applied to the support of the plaintiff-wife and her minor children in an effort to minimize the effect of the $160 per month reduction of alimony and child support.
*99 Appellant would have this court deny the minor children the only effective means left with which to support them, all without any showing that entry of the order appealed from would work any undue hardship upon him. The lower court, in the sound exercise of its judicial discretion, has reached the only reasonable decision available.
We do not see where the difference in facts in the Banks case, supra, would require a different result than the one we now reach as regards point two  that the lower court did not abuse its discretion by granting plaintiff-appellee the right to lease the former marital home of the parties and apply the net proceeds therefrom to the support of herself and her minor children.

III.
As regards Point III, appellant contends that plaintiff-appellee has not properly pleaded for relief under the portion of this case initiated by defendant-appellant to change visitation rights and she is therefore not entitled to attorney's fees and costs.
The law in Florida concerning attorney's fees pursuant to § 61.15, F.S.A., is clear:
"61.15 Divorce; subsequent proceedings; costs, fees, etc.
(1) When an action is brought for the purpose of enforcing a judgment or order for the payment of alimony or support for children, the court may allow to the divorced wife such sums of suit money, including a reasonable attorney's fee, as from the circumstances of the parties and the nature of the case are equitable.
(2) Any order under the provisions of this section shall be enforced in the same manner as other judgments."
If the wife initiates an action for modification of a final divorce decree, she is not entitled to attorney's fees.
If a wife seeks to enforce a final judgment of divorce, she is entitled to attorney's fees. An examination of appellee's motion to strike and her motion to modify final judgment shows that both documents were executed on the same date, both were filed in the lower court on the same date and both were served on the defendant-appellant on the same date. Further, the transcript of testimony shows that appellant's motion and both of appellee's motions were heard at the same time and appellant's motion to modify was merged with that of appellee on suggestion of appellant's counsel who now contends that appellee's prayer for attorney's fees and costs was not properly pleaded as such prayer was contained in appellee's motion to modify, an action for which she is not entitled to attorney's fees.
We disagree. The entire matters here involved were merged and thus constitute one complete whole proceeding. Therefore, the request for attorney's fees and costs in appellee's motion to modify is also a prayer for attorney's fees and costs in the total proceedings. Appellee-wife, by law, is entitled to counsel fees in the defense of the husband's suit brought against appellee praying for a modification. McNeill v. McNeill, 59 So.2d 57 (Fla.); F.S.A. § 65.15(1,2).
To defend is to enforce the original final decree.
In view of the foregoing, the matters herein appealed are in all respects affirmed.
PIERCE and MANN, JJ., concur.