235 So.2d 53 (1970)
George SISTRUNK, Appellant,
v.
Margaret SISTRUNK, Appellee.
No. 69-504.
District Court of Appeal of Florida, Fourth District.
May 8, 1970.
*54 Harry M. Schwenke and Stephen W. Toothaker, of Berryhill, Avery & Schwenke, Fort Lauderdale, for appellant.
J. Kaylor Young, of Patterson, Maloney & Frazier, Fort Lauderdale, for appellee.
OWEN, Judge.
Approximately 14 months after obtaining a final judgment of divorce, the former wife filed her petition for modification of the final judgment. The former husband appeals from the order entered on the petition.
For simplicity, the parties will be referred to as husband and wife. The final judgment of divorce awarded custody of two minor children to the wife and required the husband to pay $345 per month as child support, $5 per month as alimony, and the wife's attorney's fees. The wife was awarded exclusive use and ownership of the household furnishings and occupancy of the former marital residence, but she was required to make the monthly mortgage payments thereon as both the husband and wife were gainfully employed at the time. The legal title to the residence, as well as the legal title to certain shares of stock, had been held by the parties as tenants of an estate by the entirety. The judgment prohibited both parties from transferring or conveying their respective interests in the stock or real estate, and expressly provided that the court was not at the time adjudicating the property rights of the parties in the stock or the real estate.
Although the wife's petition for modification sought relief in several regards, its principal thrust was for additional financial assistance in order to enable her to give up her fulltime employment as a school teacher and enroll as a fulltime graduate student at Florida Atlantic University for the academic year commencing June, 1969. At the hearing on the petition the evidence established that the husband's financial ability, as well as the wife's earnings from her fulltime employment as a school teacher and her needs for the support of herself and two minor children, remained substantially identical to that which they had been at the time of entry of final judgment. However, the evidence disclosed that if the wife did enroll as a fulltime graduate student at Florida Atlantic University, of necessity she would have to take a leave of absence from her fulltime teaching duties and limit her employment to substitute teaching approximately two days per week. In so doing she not only would incur the expense incident to enrolling in the graduate course, but also would sustain a substantial loss in her earnings during the time that she was enrolled at the university. If and when she successfully completed her graduate studies and obtained a master's degree, she would thereafter be eligible for employment as a teacher in the public school system at an annual salary of approximately $700 per year greater than that which she could earn with a bachelor's degree.
The order appealed authorized the wife to take possession of and sell the jointly owned stock certificates (having a gross value of approximately $3,300) and to utilize the proceeds for the support of herself and the minor children. The order also required the husband to pay one-half of the wife's attorney's fees and costs. Though *55 we readily appreciate the court's desire to assist the wife in obtaining what appears to be a laudable long-range objective, we believe the order violates established principles of law and must therefore be reversed.
It appears from the record that the court viewed the final judgment (entered some 14 months prior to the filing of the petition for modification), as interlocutory in nature as it pertained to the jointly owned property, with final adjudication of the parties' rights therein to be made at some indeterminate time in the future. Essentially the court considered the petition for modification not as seeking a modification of matters theretofore adjudicated, but as seeking additional temporary relief pending final adjudication of the parties' rights.
While the court is authorized by statute to modify the provisions of the final judgment as the same pertain to the care, custody and maintenance of children of the marriage (Section 61.13, F.S. 1967, F.S.A.), and upon a change of circumstances of the parties or the financial ability of the husband may modify provisions of the final judgment allowing alimony to the wife (Section 61.14, F.S. 1967, F.S.A.), there is no statutory authority for the court to retain jurisdiction after final judgment whereby it may subsequently enter post judgment orders determining the property rights of the parties. Property rights are settled by the final judgment, Finston v. Finston, 1948, 160 Fla. 935, 37 So.2d 423. Whatever the court may have intended by inserting in the final judgment the clause stating that the court did not at the time adjudicate property rights of the parties in the stock or real estate, such clause could not act to reserve jurisdiction to the court to enable it at some indefinite time in the future to settle such property rights. McEachin v. McEachin, Fla.App. 1963, 154 So.2d 894.
By virtue of Section 689.15, F.S. 1967, F.S.A., the stock, which had been jointly owned by the husband and wife as tenants of an estate by the entirety during the marriage, automatically became owned by the parties after divorce as tenants in common in the absence of a finding of special equity in such property arising on behalf of one party or the other. Bergh v. Bergh, Fla.App. 1961, 127 So.2d 481; Latta v. Latta, Fla.App. 1960, 121 So.2d 42. Neither the final judgment nor the order here appealed contained a finding of any special equity on behalf of the wife in the jointly owned stock. To the contrary, the transcript of the hearing held on the petition for modification discloses several colloquies between court and counsel wherein the court expressly recognized that each of the parties owned an undivided one-half interest in the stock. Typical of such is the court's assurance to the husband's counsel that upon final adjudication of this case, the husband would receive full credit for his $1,650 (one-half of the stock's value). Indeed, the final judgment tacitly recognized (by virtue of the clause restraining the parties from transferring or conveying their respective interests in the stock or real estate) that each of the parties did retain an interest in the stock and real estate after the divorce was entered.
The property rights in the stock having been fixed by statute and settled by the final judgment, the trial court was without authority to thereafter order one of the parties to transfer his interest to the other, Valentine v. Valentine, Fla. 1950, 45 So.2d 885; Thompson v. Thompson, Fla. App. 1969, 223 So.2d 95; Brown v. Brown, Fla.App. 1960, 123 So.2d 298. This established principle is not violated, of course, by the court's awarding to the wife the use of the home which the parties had acquired as an estate by the entirety as such an award is in the nature of maintenance and not a transfer of title to the property. Banks v. Banks, Fla. 1957, 98 So.2d 337; McRae v. McRae, Fla. 1951, 52 So.2d 908; Brown v. Brown, supra.
*56 Appellee suggests that the court's action was essentially an award of lump sum alimony to the extent of the value of the husband's undivided one-half interest in the stock. The order appealed does not declare that the court is awarding lump sum alimony to the wife, cf. Bezanilla v. Bezanilla, Fla. 1953, 65 So.2d 754, and it is clear from a review of the record that the court did not intend it to be such. But if it was so intended, it could only be justified upon the basis of a modification pursuant to Section 61.14, F.S. 1967, F.S.A., since alimony had been allowed in the final judgment. Fundamental to modification is a showing of a substantial change of circumstances of the parties subsequent to the final judgment. The only evidence reflecting any change was the wife's anticipated enrollment as a graduate student in Florida Atlantic University and the consequential anticipated leave of absence from her gainful employment. Aside from the fact that such change of circumstances was prospective only, we think it clear that an able-bodied gainfully employed ex-wife cannot justify an increase in alimony payments on the grounds of increased need through the simple expediency of voluntarily leaving the gainful employment she had theretofore enjoyed even though her motive be to further her formal education.
Although the court appeared to view the wife's petition as simply another step toward ultimately settling all issues arising out of the original suit, it was in fact an effort by the wife to modify matters which had been settled by the final judgment. Under the circumstances, the wife was not entitled to an award of attorney's fees and costs. Thompson v. Thompson, supra; Graves v. Graves, Fla.App. 1959, 115 So.2d 451.
Reversed.
CROSS, C.J., and REED, J., concur.