PEARSON, Chief Judge.
This interlocutory appeal is from two orders correcting a final judgment of divorce. The substantial question presented is whether a final judgment of divorce may be amended pursuant to RCP 1.540(b), 31 F. S.A., to make what the trial judge considers a general equitable readjustment to change the title to property which was held as an estate by the entirety prior to the divorce.
Although the trial court did not have the benefit of the opinion later published in Sistrunk v. Sistrunk, Fla.App.1970, 235 So.2d 53, we think that the law as set forth therein clearly establishes that in the absence of a finding of a special equity in the property the court may not change the title of property which was held as an estate by the entirety and by the divorce passed into an estate in common. See also Bergh v. Bergh, Fla.App.1961, 127 So.2d 481; Latta v. Latta, Fla.App.1960, 121 So.2d 42. Therefore, the orders amending the final judgment of divorce are reversed and the cause remanded with directions to deny the motions to amend.
Reversed and remanded with directions.