WIGGINTON, Judge.
Appellant seeks review of a post-judgment order rendered in a divorce proceeding by which his motion to modify the provisions of a post-judgment order fixing visitation privileges 'with his daughters was denied and he was ordered to convey his interest in the marital home to his wife.
On March 18, 1966, a final judgment was rendered in this cause dissolving the marriage of the parties; granting to the wife custody of the four children born of the marriage; and awarding alimony for the wife and child support for the children. With respect to the marital home, it was found by the court that title thereto was *305 vested in the husband and wife as an estate by the entireties which would he held by them as tenants in common consequent upon their divorce. The judgment provided that so long as title to the property was held by the parties as a tenancy in common, the right to occupy it as a home for herself and the minor children was awarded to the wife. Each party was required to pay one-half of the ad valorem taxes as well as one-half of the monthly installments on the outstanding mortgage indebtedness which would thereafter accrue against the property. The final decree was appealed to this court and all of its provisions save one were affirmed in all respects. On that appeal this court found that the evidence concerning the amount of child support which should be paid by the husband was vague and uncertain, and the cause was remanded with directions that further testimony be taken concerning the necessities of the children and an award be made sufficient to meet their needs.[1]
In response to appellant’s subsequent petition for modification of the visitation privileges contained in a previously rendered post-judgment order, appellant was directed to refrain from directly or indirectly contacting or communicating with his two daughters unless permission to do so was granted by appellee. This restraining order was rendered on June 4, 1968, and no appeal therefrom was taken.
Subsequently, on February 26, 1970, appellant filed a petition to modify the court’s order of June 4, 1968, seeking reasonable visitation privileges with his daughters unhampered by the requirement that he first secure his wife’s permission to do so. It was in response to this petition that the trial court rendered its further post-judgment order of February 10, 1971, denying appellant’s prayer for modification, and its order of March 4, 1971, increasing the amount of child support to be paid by appellant for the maintenance of his two daughters and awarding title to the marital home to appellee wife.
Appellant’s first point on appeal challenges the correctness of the order of February 10, 1971, denying him reasonable visitation privileges with his two daughters. It is appellant’s position that such refusal by the trial court constitutes an abuse of discretion and should be reversed. We have carefully considered the history of this case and the evidence concerning the acrimonious and vindictive attitude exhibited by appellant and appellee toward each other, both before and after the divorce, and the effect this conduct has had upon the four children born of this marriage. It is upon this evidence that the trial court found it would be to the best interest of the daughters that they live with their mother in complete isolation from any contacts with their father unless the relationship between the parties changes to such an extent as in the judgment of the wife will permit visits by the husband without adversely affecting the health and welfare of the daughters. Although such solution of the problem is indeed harsh, appellant cannot escape responsibility for the part his temperament and disposition toward his former wife has contributed to this most unfortunate situation. Under the extremely aggravating and distressing circumstances existing in this case, we cannot say that appellant has clearly demonstrated that the trial court abused its discretion in refusing to modify the condition imposed for exercising the visitation provileges granted him.
Appellant’s second point on appeal challenges that provision of the post-judgment order of March 4, 1971, concerning disposition of the marital home. The record reveals that title to this home has always been vested in the parties hereto as tenants of an estate by the entireties. The final judgment of divorce initially rendered on *306 March 18, 1966, embodies the following findings and conclusions, to wit:
“The principal property in which both parties have an interest is their home place located at 1515 Belleau Wood Road, Tallahassee, Florida. It was held by them in an estate by the entirety and will be held by them as tenants in common consequent upon their divorce. So long as the property is so held in a tenancy in common, the right to occupy this place as a home for herself and the minor children shall remain in the plaintiff, together with the household furniture, appliances and furnishings therein. Each party shall pay or cause to be paid one-half of ad valorem taxes or other assessments against said property for 1966 and thereafter and one-half of the monthly installments on the mortgage on said home now held by Gulf Life Insurance Company. If either party fails to pay his or her portion of such installments or tax or assessment, the other may make such payment and shall be deemed to have an increased equity to that extent. Nothing herein shall be an impediment to any partition of such property either by voluntary means or by judicial proceedings.”
In the foregoing provision of the final judgment, the trial court correctly found and concluded that title to the home would be vested in the parties after divorce as tenants in common subject to later partition by them as and when they or either of them should elect to do so. The court, acting within the scope of its discretion, awarded possession of the marital home to the wife as a place of abode for the children until such time as the parties should dispose of the property either through voluntary means or judicial proceedings. The use of the home by the ap-pellee for the benefit of the children diminished the amount which appellant would have otherwise been required to pay for their housing had the home not been available for that purpose.
The last hearing of this matter before the court on March 4, 1971, was in compliance with this court’s mandate of April 13, 1967, by which the trial court was directed to take further evidence with respect to the necessities of the children and to award child support in such amount as was found to be reasonable. The order rendered at the conclusion of the hearing before the court made findings with respect to the needs of the two daughters living with their mother and increased the amount which appellant was ordered to pay for their maintenance and support. In addition, the order made the following disposition of the marital home, to wit:
“In order for the mother to fairly provide for the girls, it is necessary that suitable housing be available. The former marital home of the parties is held in a tenancy in common with the right of occupancy by the mother. Because of the complete hostility of the parties toward each other, it would likely be feasible for the mother to find residence elsewhere than in Tallahassee. A change of residence of the father is not likely due to his employment at Florida State University. To provide for the housing of the children and to render more flexible a means of doing so, it is deemed that a vesting in the mother of the entire fee simple title to the home, subject to any liens thereon, would be less burdensome to the father and more beneficial to the needs of the children than any other course that appears to be open.”
Based upon the foregoing findings and conclusion, appellant was ordered to execute a suitable deed conveying his undivided interest in the marital home to appellee subject to any outstanding liens thereon.
 It is appellant’s position that the trial court exceeded its power and jurisdiction by purporting to divest him of his interest in the marital home and this provision of the order appealed should be reversed. It is our view that appellant’s con *307 tention with respect to this point on appeal is correct and must be sustained.
In the case of Bergh v. Bergh[2] the chancellor in a divorce action rendered a final decree of divorce purporting to vest in the wife full and unencumbered title to the marital home owned by the parties as tenants of an estate by the entireties. The home had been purchased by the husband out of his own assets, and there was no proof that the wife was entitled to any special equities in the property. In reversing' that part of the final decree, this court said:
“In the absence of special equities, an estate by the entireties held by a husband and wife in property acquired by them during marriage is automatically converted into a tenancy in common upon the entry of a decree of divorce. As a general rule, in the absence of an agreement of the parties or appropriate pleadings praying for partition of jointly owned property upon the entry of a decree of divorce, a chancellor has no authority either to partition jointly owned property or effect what might amount to a property settlement between the parties nor dispose of property belonging to them as an incident to the divorce. After the proportionate share of each party has been fixed in jointly owned property and the marriage dissolved, it is then up to the parties themselves to determine whether their property should be partitioned or disposed of in some other manner. In the absence of special circumstances a chancellor is without authority to order that one of the parties transfer his or her property interest to the other.”
In Thompson v. Thompson[3] the wife was awarded a final judgment of divorce and possession of a marital home for the use of herself and the children whose custody had been awarded to her. At a later date the wife sought modification of the final judgment, permitting her to rent the home and utilize the net proceeds therefrom for the support of herself and the children. The chancellor’s order granting modification of the final judgment in the respects prayed for by the wife was challenged on appeal upon the ground that the chancellor lacked jurisdiction to enter any further order touching upon the title or disposition of the home which was then owned by the parties as tenants in common. In rejecting the husband’s contention that the order of modification constituted a disposition of the title to the property, the court quoted with approval from the decision in the case of Brown v. Brown [4] as follows:
“ ‘Where a husband and wife own property as an estate by the entireties, the granting of a divorce results in making them tenants in common. However, the chancellor should not go further, in the absence of special circumstances, and order that one of the parties transfer their property interest to the other party. See Valentine v. Valentine, Fla. 1950, 45 So.2d 885; Boles v. Boles, Fla. 1952, 59 So.2d 871; Latta v. Latta, Fla.App.1960, 121 So.2d 42; cf. Banfi v. Banfi, Fla.App. 1960, 123 So.2d 52. As an incident of the chancellor’s power to award child support, he may award to the wife the use of a home acquired as an estate by the entireties. Pollack v. Pollack, 159 Fla. 224, 31 So.2d 253; Fuller v. Fuller, Fla.1948, 38 So.2d 51; McRae v. McRae, Fla.1951, 52 So.2d 908; Banks v. Banks, Fla.1957, 98 So.2d 337. When the court awards to the wife, as an incident of child custody, the use of a home owned as an estate by the entireties, this is in the nature of maintenance and not *308 a transfer of title to property. See 10 Fla.Jur., Divorce, § 213.’ (emphasis added)”
In Sistrunk v. Sistrunk[5] the final judgment of divorce found that the husband and wife were owners as tenants of an estate by the entireties in their marital home and certain shares of corporate stock theretofore acquired by them. Fourteen months after rendition of the final judgment, the wife sought a modification thereof and was granted the right to sell the corporate stock owned by the parties as tenants in common and use the proceeds for the support of herself and her minor children. In reversing the order of modification, the Fourth District Court of Appeal, speaking through Judge Owen, said:
“While the court is authorized by statute to modify the provisions of the final judgment as the same pertain to the care, custody and maintenance of children of the marriage (Section 61.13, F.S. 1967, F.S.A.), and upon a change of circumstances of the parties or the financial ability of the husband may modify provisions of the final judgment allowing alimony to the wife (Section 61.14, F.S.1967, F.S.A.), there is no statutory authority for the court to retain jurisdiction after final judgment whereby it may subsequently enter post judgment orders determining the property rights of the parties. Property rights are settled by the final judgment, Finston v. Finston, 1948, 160 Fla. 935, 37 So.2d 423 .. .

“The property rights in the stock having been fixed by statute and settled by the final judgment, the trial court was without authority to thereafter order one of the parties to transfer his interest to the other. Valentine v. Valentine, Fla. 1950, 45 So.2d 885; Thompson v. Thompson, Fla.App. 1969, 223 So.2d 95; Brown v. Brown, Fla.App.1960, 123 So. 2d 298. This established principle is not
violated, of course, by the court’s awarding to the wife the use of the home which the parties had acquired as an estate by the entirety as such an award is in the nature of maintenance and not a transfer of title to the property.
Based upon the foregoing authorities we conclude and so hold that the trial court erred in adjudging title to the marital home in this case to be vested in appellee and directing appellant to execute a deed conveying his interest therein to her. We recognize that if the home is disposed of by partition of the parties, either voluntarily or through judicial proceedings, it will be necessary for appellant to provide a home for the minor daughters so long as he remains responsible for their support and maintenance. If title to the home is alienated, then the trial court is at liberty to entertain a petition by appellee to modify the support provisions of the order appealed herein by requiring appellant to pay such additional amounts as may be necessary to provide a home for his daughters. This is a matter which will have to await further developments.
We have considered the remaining points urged by appellant but find them to be without substantial merit. The order appealed is reversed insofar as it purports to adjudicate title to the marital home of the parties, otherwise it is affirmed in all further respects.
CARROLL, DONALD K., Acting C. J., specially concurs.
RAWLS, J., dissents.

. Walborsky v. Walborsky (Fla.App.1967) 197 So.2d 853.

. Bergh v. Bergh (Fla.App.1961) 127 So. 2d 481, 487.

. Thompson v. Thompson (Fla.App.1969) 223 So.2d 95. 98.

.Brown v. Brown (Fla.App.1960) 123 So. 2d 298, 300.

. Sistrunk v. Sistrunk (Fla.App.1970) 235 So.2d 53, 55; See also Penton v. Penton (Fla.App.1971) 246 So.2d 623.