ENOCH TYSON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed January 16, 1922.

1. A marriage procured by fraud or while one of the parties thereto is actually under legal duress is voidable only and therefore valid and binding upon the parties until set aside and annulled by a court of competent jurisdiction.

2. In a criminal prosecution of a husband and father upon a charge of unlawful desertion of his wife and unlawfully withholding from her and their child the means of support, evidence that the marriage of the parties was procured by fraud and effected as a result of coercion is incompetent and inadmissible since it tends to prove that such marriage was voidable only.

3. Evidence examined and found to be sufficient to support the verdict.

A Writ of Error to the Circuit Court for Osceola County; C. O. Andrews, Judge.

Affirmed.

*Johnston & Garrett,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

WEST, J.—Plaintiff in error, hereinafter referred to as defendant, was convicted of the crime of unlawfully deserting his wife and unlawfully withholding from his wife and child the means of support. To the judgment imposing sentence writ of error was taken.

Several assignments of error are predicated upon rulings of the trial court sustaining objections to questions propounded upon cross examination by counsel for defendant to witnesses for the State and to the defendant upon direct examination seeking to elicit evidence to the effect that the marriage of defendant to his wife was involuntary; that it was the result of coercion upon him by his wife and her mother; that it was agreed at the time between the defendant, his wife and her mother that he should not be responsible for his wife's maintenance, but that her mother would provide for her, the object of the marriage being to legitimize the child with which she, the wife of defendant, was then pregnant.

The contention here is that the facts and circumstances surrounding the parties and transaction when the marriage was consumated, proof of which defendant sought to introduce but which was excluded by the court, vitiate entirely their intermarriage and render it null and void,

the result of which is to exonerate defendant from any obligation to live with or maintain the prosecutrix and render inapplicable and inappropriate the proceeding under which he was convicted as a means of requiring him to provide for her child. This is the decisive question in the case.

We put aside the question of procedure. It does not appear from the record that there was a proffer by defendant of evidence tending to prove the facts and circumstances upon which he relies as a defense to the charge. The proper practice is to proffer to establish the facts relied upon as a defense by competent proof. Henry v. State, 81 Fla. 763, 89 South. Rep. 136; Berger v. E. Berger & Co., 76 Fla. 503, 80 South. Rep. 296; Kelly v. State, 55 Fla. 51, 45 South. Rep. 990; Davis v. State, 54 Fla. 34, 44 South. Rep. 757; Boykin v. State, 40 Fla. 484, 24 South. Rep. 141.

If it be assumed that the defendant was in position to prove all the facts and circumstances that the questions of his counsel to witnesses indicated a purpose to prove and which such evidence may have tended to prove, it was still incompetent and inadmissible. At the most such evidence would have shown the marriage to be voidable and not void. The general rule, supported by the great weight of authority and which we regard as sound in principle, is to the effect that a marriage procured by fraud or while one of the parties thereto is actually under legal duress is voidable only and therefore valid and binding upon the parties until annulled by a court of competent jurisdiction. 18 R. C. L. p. 446; Hawkins v. Hawkins, 142 Ala. 571, 38 South. Rep. 640, 110 A. S. R. 53; Taylor v. White, 160 N. C. 38, 75 S. E. Rep. 941, L. R. A. 1916 C, 704, 706;

see also Garner v. State, 9 Ala. App. 60, 64 South. Rep. 183.

Reasons for the rule holding such a marriage voidable only and valid and binding upon the parties thereto until set aside by a court of competent jurisdiction are obvious. The legitimacy of children born of such marriages or of subsequent marriages of the parties and the inheritance of property which may be owned by them are among the cogent reasons for holding marriages attended by circumstances which may render their validity questionable as valid and binding until their invalidity is duly adjudicated.

The evidence is sufficient to support the verdict. The defendant admits that he deserted his wife and asserts that he does not propose to live with her or support her or the child. There are no harmful errors of procedure and the judgment will be affirmed.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.