52 So.2d 420 (1951)
FRIEDMAN
v.
SCHNEIDER.
Supreme Court of Florida, Special Division A.
May 15, 1951.
Rehearing Denied May 31, 1951.
*421 Blackwell, Walker & Gray, Miami, for appellant.
Robert C. Lane, Miami, for appellee.
THOMAS, Justice.
The appellee sought a modification of a final decree fixing alimony payments, his erstwhile wife, appellant, having remarried. The appellant in her counterclaim asked for an adjudication of the amount due her, for the determination of sums to be paid in the future for maintenance of the child of the parties, and for related relief.
In the original decree, entered in 1935 at the time the child was four years old, the father was required to pay the mother, who was given the child's custody, $375 monthly "for her complete support and maintenance, use and benefit, and for the complete support maintenance, use, benefit and education of said minor child * *."
Three years later the appellant married another.
For two months after entry of the decree the appellee paid the stipulated sum, and thereafter he made sporadic payments in varying amounts.
After considering the evidence the chancellor ruled that the remarriage put an end to the liability of the appellee for support of the appellant and that payments to her thereafter were made to meet the remaining obligation to the child. He found that at the time of the remarriage the arrears amounted to $7,605 so he entered judgment for that sum with interest; he held, in effect, that the intermittent payments were sufficient to discharge his obligation to the child; and he ordered the appellee to pay $200 each month thereafter for the child's living expenses and education.
We first reach the criticism of the chancellor's decision that the remarriage of appellant terminated responsibility of the appellee for her subsistence. It has been seen that the allotment in the original decree was a lump sum to both mother and child; no indication was given as to the share intended for each. It is appellant's contention that appellee's obligation to her was unaffected by her marrying again, hence the judgment should have been entered for the full amount of arrears.
We think the chancellor was eminently correct. Where the periodic payments represent only the amounts the court decides are necessary to afford shelter, food and clothing from time to time for the quondam wife, her marriage to another ends the obligation. Carlton v. Carlton, 87 Fla. 460, 100 So. 745; State ex rel. Willard v. Harrison, 133 Fla. 169, 183 So. 464. True alimony, money required to be paid by a man to his former wife for her subsistence, derives from the legal duty to support her which he assumed when they married. There may be instances where the remittances would include sums due by him to her to cover other indebtedness and upon remarriage this portion of the payments would not be affected. See Vance v. Vance, 143 Fla. 513, 197 So. 128.
Such is not the case here. The moneys to be paid by appellee seem only to have been ordered for the purpose of furnishing livelihood for the woman and child. Before their divorce the parties had entered into an agreement settling all property rights and apparently no obligation of the husband in respect of them was to be met in future installments. When the chancellor granted the divorce he recognized the agreement by ordering that it be "approved and confirmed, until the further order of this Court." Some of the language in the agreement is significant. It was stipulated that it should "terminate and payments * * * provided to be made by the husband to the wife, shall cease, come to and [sic] end, upon * * the lawful re-marriage of the wife." So the parties themselves contemplated an end to the alimony upon the wife's remarriage.
We find no occasion to interfere, either, with the chancellor's reasoning that the money paid after the second marriage was equal to the portion of the award allocable to the child.
We think appellant's counsel has been well compensated; and we find no *422 fault with the chancellor's entering the judgment in favor of the appellant for the full amount found to have been due at the time of the remarriage without specifying what part of the money was the mother's and what part the child's. It was payable to her for use in defraying the expenses of the two while she meanwhile had him in charge. The judgment therefore was correctly entered in her favor.
Our examination of the record in the light of the challenges both of appellant and appellee has not revealed any reason to disturb the decree.
Affirmed.
TERRELL, Acting C.J., and CHAPMAN and ADAMS, JJ., concur.
CHAPMAN, Justice (concurring).
I concur in the opinion and judgment prepared in this cause by Mr. Justice THOMAS. In reviewing the cause, we are required to examine the transcript comprising some 165 pages. Appellant's first and second briefs consist of approximately 90 pages. Appellee's brief contains about 50 pages. These briefs are unduly prolix and impose on the members of the Court an unnecessary burden. Counsel will render a valuable service to this Court by keeping the length of their briefs within reasonable bounds.