CARROLL, Judge.
This is an appeal by the defendant wife from a final decree of annulment of marriage granted in favor of the plaintiff husband. At the time of the decree, which was entered on April S, 1965, the husband was aged 73 and the wife was aged 66.
The appellee Morris Sack sued the appellant Hermina Price Sack for divorce on the ground of extreme cruelty. In his complaint, filed June 3, 1964, it was alleged that the parties were lawfully married on June 14, 1962, and had lived together until they separated “from marital relationship” in November of 1963; that no children were born of the marriage, and that the parties “having been living as single persons since the date of their separation and have not cohabited since said date”; that plaintiff had conducted himself properly as a husband during the marriage, and that the wife had been guilty of certain stated acts which it was charged constituted extreme cruelty.
The complaint referred to and attached a copy of a pre-nuptial agreement, en *435 tered into by the parties on the date of the marriage. The agreement contained provisions that after marriage each party would retain ownership and control of his or her separate property, and that “in the event the marriage is terminated by other than the death of either party, the sum of $1.00 shall be accepted by him or her in full settlement of all rights including rights of alimony, support and maintenance.” The agreement recited it was made in contemplation of the intended marriage of the parties.
Prior to answering the divorce complaint the wife filed a separate suit for annulment, charging the husband with certain acts of fraud and misrepresentation. The wife voluntarily dismissed her suit for annulment, and subsequently filed her answer and a counterclaim for separate maintenance in the divorce suit. Her answer admitted the allegations with reference to the marriage and separation, and her counterclaim alleged the marriage of the parties in June of 1962, and facts relied on to show she was living apart from the husband through his fault. She prayed for temporary and permanent alimony, and for attorney’s fees.
Following trial before the court the final decree of annulment was entered. In the decree the chancellor expressed doubt as to whether the husband had proved a case for divorce but did not hold that the husband was not entitled to divorce, and the decree made no disposition of the wife’s counterclaim for separate maintenance.
The basis on which the chancellor proceeded in decreeing annulment of the marriage is reflected by the following paragraph in the decree, viz.:
“After hearing all of the evidence in the above cause, the court was of the opinion that the marriage contract alleged to have been entered into by and between the plaintiff and the defendant was not a real marriage contract, that the parties fully recognized and understood the provisions of the Pre Nuptial Agreement, Exhibit I, and upon the conclusion of the testimony the court announced that whether the plaintiff’s proof was sufficient to warrant a divorce decree was questionable and he questioned the defendant’s right to separate maintenance under the alleged marriage contract, and stated that the court would entertain a motion from either party for leave to amend the prayer to seek an annulment. The plaintiff made such application which was granted, the defendant did not make such a motion.”
On her appeal the wife argues that the evidence was insufficient to support the decree of annulment, that the chancellor committed error when at the conclusion of the trial he invited either party to move for annulment and permitted the husband to seek annulment by amending his prayer, thereby allowing a change of the cause of action without opportunity to the wife to plead to and defend against the same. She further contended the chancellor committed error in approving the pre-nuptial agreement, the validity of which she had attacked in her answer.
We deal with those contentions in inverse order of their statement. We fore-go ruling on the chancellor’s holding regarding the contract. Upon annulling the marriage, there was no need for the chancellor to rule thereon. If following remand of the cause the chancellor grants the husband a decree of divorce, then the question of validity of the contract will be material, as it affects alimony, and should be measured by the chancellor under the rule announced in the case of Del Vecchio v. Del Vecchio, Fla.1962, 143 So.2d 17.
We hold, however, that error was committed when, at the conclusion of the trial, instead of ruling on the merits of the plaintiff’s suit for divorce and the wife’s counter-suit for separate maintenance, the chancellor invited either party to move for an annulment. The wife did not so *436 move, but the husband moved for and was allowed to amend his prayer to seek a decree of annulment, being a different cause of action from that on which the suit was pleaded and tried. See Edwards v. Young, Fla.App.1958, 107 So.2d 244, 246-247; Tucker v. Daugherty, Fla.App. 1960, 122 So.2d 230, 232; Gallon v. Lloyd-Thomas Company, 8 Cir.1959, 264 F.2d 821, 825, 77 A.L.R.2d 417. Thus in 3 Moore’s Federal Practice, § 15.13(2), pp. 991-992, it is stated: “The purpose of an amendment to conform to proof is to bring the pleadings in line with the actual issues upon which the case was tried; therefore an amendment after judgment is not permissible which brings in some entirely extrinsic issue or changes the theory on which the case was actually tried, * * ”
We hold, also, that the contention of the appellant that the decree of annulment was not supported by adequate proofs, has merit. The husband did not make out a case for annulment. On the contrary, he alleged and proved a marriage contract. His complaint alleged cohabitation up to the time of the separation. It is true that the wife filed a separate suit for annulment, alleging certain misrepresentations by the husband and no consummation, but she voluntarily dismissed that suit and made no contention in the divorce suit that the marriage was void or voidable.
Where a marriage is validly contracted it should not be dissolved other than by divorce, or by a decree of annulment supported by allegation and proof of recognized grounds for annulment of marriage. See Kuehmsted v. Turnwall, 103 Fla. 1180, 138 So. 775, 777; Tyson v. State, 83 Fla. 7, 90 So. 622. The record of this case discloses no asserted ground or evidence to justify a decree of annulment in favor of the husband.
In 10 Fla.Jur., Divorce, Separation and Annulment, § 308, it is stated:
“A marriage may be annulled for any cause which has prevented the parties from contracting a valid marriage. The invalidity of a marriage may arise from (1) a want of legal capacity to contract, or a statutory prohibition against the type of marriage in question, (2) a want of mental capacity to contract, (3) a lack of actual consent to the contract, (4) a consent wrongfully procured by force, duress, fraud, or concealment, and (5) a lack of physical capacity to consummate.”
Here the parties, according to the allegations and proof, entered into a valid marriage contract. The chancellor did not hold that the marriage was void or voidable, but found it was not a real marriage contract. The evidence does not establish existence of any of the grounds for annulment as outlined above. Moreover, where a marriage is voidable and subject to be annulled because of fraud or misrepresentation of one party to the other, the right to annul belongs to the innocent party. See Higgins v. Higgins, Fla.App. 1962, 146 So.2d 122. While the wife had charged the husband with fraud, in her separate suit for annulment which she dismissed, he had not so charged her.
Accordingly the decree of annulment which is appealed from is reversed, and the cause is remanded to the circuit court with directions to grant or deny the plaintiff a divorce, as the chancellor shall determine proper based on the pleadings and evidence, and if divorce is granted to consider the matter of allowance of alimony, and whether alimony is precluded by the pre-nuptial agreement; or, if divorce is not decreed, then to rule on the merits of the wife’s application for alimony on her counterclaim for separate maintenance.
Reversed and remanded with directions.