192 So.2d 1 (1966)
Margaret L. REESE, Petitioner,
v.
Homer A. REESE, Respondent.
No. 34941.
Supreme Court of Florida.
November 23, 1966.
Horton & Schwartz, Miami, for petitioner.
James A. Dixon, Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for respondent.
DREW, Justice.
The third district court's decision in this case, that petitioner's bigamous marriage ceremony was effective to terminate her right to alimony due under a decree of divorce from her former husband, is expressly predicated on her acceptance of the right to support from the second putative husband, whose death followed immediately after the alleged marriage. The subsidiary point of law was determined as follows:
"This right of support, which is designated alimony, is therefore an incident of a valid marriage or, in some instances, of an invalid marriage if the presumed wife is the victim of a presumed husband's wrong." Reese v. Reese, Fla.App. 1965, 178 So.2d 913, 916.
The decision on this point of law appears to us to be in direct conflict with that of the District Court, First District, in Dawson v. Dawson, Fla.App. 1964, 164 So.2d 536, 539, holding that alimony or support money unconnected with divorce was "not available because at the time suit was filed the parties did not bear the marital relation." (E.S.) This decision reversing an award of alimony was based squarely on the absence of a valid marriage. Although reference was made to bad faith on the part of both parties in resorting to a Mexican divorce, the court in its opinion found that the putative husband "led her to believe that such was accomplished" before the "marriage", *2 and the decision reversing the award of alimony was based not upon fraud but simply on the absence of a valid marriage. This, in our opinion, collides with the holding in the case at bar that the victimized putative wife acquired a right to support under our law and for that reason must be deemed to have relinquished any rights under the existing alimony decree.
The court in the opinion now under consideration did cite persuasive dicta from other opinions of this Court.[1] We find, however, as noted by the district court in Dawson, supra, no previous decision in this state awarding permanent alimony or support to one in petitioner's legal situation following a bigamous marriage. In any event, the opinions relied on do not eliminate the conflict with Dawson above noted.
On the merits of the issue involved, we are unable to see how the speculative possibility of an alimony or support claim arising out of a void marriage contract could terminate the provisions of a prior decree, either by operation of law or otherwise. Petitioner's consent to the putative marriage, concededly obtained by fraud, would not under ordinary contract principles be characterized a voluntary relinquishment, being based on the assumption of full marital rights which are denied to her by law.
Illustrative of the problems inherent in the decision below, depending as it does on the principle that only an "innocent" wife acquired support rights against a bigamous marital partner, is the fact that on such reasoning prior alimony would not be terminated if petitioner had been fully aware of her partner's incapacity because she would then acquire no support rights under the cited rule. The theory, then, favors the guilty over the unwary.
The situation, in our opinion, should be governed by the simpler and well established principle that a bigamous marriage under our law is void[2] and therefore ineffective to alter the legal rights of the parties involved in this controversy.
Reversed and remanded for further proceedings in accordance with this opinion.
ROBERTS, O'CONNELL and ERVIN. JJ., concur.
THORNAL, C.J., and THOMAS and CALDWELL, JJ., dissent.
NOTES
[1] Young v. Young, Fla. 1957, 97 So.2d 470; Burger v. Burger, Fla. 1964, 166 So.2d 433, 3 A.L.R.3d 1102.
[2] Keuhmsted v. Turnwall, 1931, 103 Fla. 1180, 138 So. 775; Jones v. Jones, 1935, 119 Fla. 824, 161 So. 836, 104 A.L.R. 1.