212 So.2d 107 (1968)
Janice R. EVANS, Appellant,
v.
Richard H. EVANS, Appellee.
No. 1195.
District Court of Appeal of Florida. Fourth District.
June 26, 1968.
Charles E. Beall of Beall & Beall, Palm Beach, for appellant.
Harold G. Maass of Alley, Maass, Rogers, Lindsay & Chauncey, Palm Beach, for appellee.
WALDEN, Chief Judge.
Plaintiff, Janice R. Evans, was divorced from defendant, Richard H. Evans, in 1958. The final decree of divorce incorporated an agreement by the terms of which defendant was required to pay $1,000 per month for alimony and for support of two minor children so long as both parties remained alive or until plaintiff remarried.
On May 31, 1966, plaintiff and Robert Emmett McCaffrey were married. Defendant discontinued the alimony and support payments.
Plaintiff rapidly became disenchanted with her new husband and sought an annulment on grounds of fraud. In her complaint for annulment she alleged that McCaffrey, prior to their marriage, told her that he was employed at a salary of $50,000 per year; yet during their marriage he failed to contribute anything to their support. She alleged further that he never intended to consummate their marriage but intended only to live off plaintiff's means; and, since he had been drunk almost continuously throughout their marriage there had been no consummation. After a hearing at which McCaffrey was not represented, she received an uncontested annulment on August 9, 1966. Plaintiff then petitioned for modification of the divorce decree which had earlier terminated her marriage to Evans. Essentially she sought the restoration of the alimony and support payments from defendant, Richard H. Evans.
The trial court in its order of October 24, 1966, held that plaintiff, as a result of her subsequently annulled marriage to McCaffrey, no longer had a right to alimony from defendant. However, it was ordered that defendant pay $500 per month as child support for the parties' one remaining minor child.
Subsequent to the trial court's order, the Supreme Court issued its decision in the case of Reese v. Reese, Fla. 1966, 192 So.2d 1. Plaintiff filed a motion for reconsideration based upon the Reese decision on December 22, 1966, which motion was considered an untimely petition for rehearing by the trial court and was denied.
*108 Plaintiff appeals, urging that her alimony be restored. We affirm.
As a general proposition, alimony ceases to be an obligation of an ex-husband upon remarriage of his former wife.[1] In the present case such a provision was expressly included in the alimony agreement. But it is plaintiff's contention that the Reese decision made the trial court's decision in this case erroneous. We disagree.
The Reese case involved an action by a former husband to have alimony provisions stricken from his divorce decree. His ex-wife had entered into a bigamous second marriage not knowing of her new "husband's" incapacity. One and one-half days after the ceremony her new husband committed suicide.
The third district held that the wife, as the innocent partner in the bigamous marriage, had a right to support from her presumed second husband. Therefore, she,
"* * * relinquished her right to support from her former husband when she accepted the promise of her new partner to furnish that support. The fact that this ceremony was not effective to create a new marriage relationship between her and her new partner in no way affected the relinquishment of her rights under the previous marriage."[2]
Therefore her right to alimony from her first husband was ruled terminated.
The Supreme Court of the State of Florida reversed the third district, concluding that:
"The situation, in our opinion, should be governed by the simpler and well established principle that a bigamous marriage under our law is void and therefore ineffective to alter the legal rights of the parties involved in this controversy." (citation omitted.)[3]
The factual distinctions between Reese and the present case are clear. Reese involved a bigamous remarriage absolutely void and ineffectual to alter the legal rights of the parties to the original marriage. Such a marriage is void even in the absence of a judicial decree avoiding same.[4]
In contrast, the present case involves a remarriage which was annulled on grounds of fraud and concealment. A marriage procured by fraud is not void but is voidable only and therefore is valid and binding upon the parties until such time as it is annulled by a court of competent jurisdiction.[5]
This raises another distinction which makes the Reese decision inapplicable. Plaintiff had the option to ratify her remarriage and make it valid despite McCaffrey's fraud. But the remarriage in Reese was wholly incapable of ratification regardless of the wishes of the parties.
Finally, we would note in passing that a holding contra to that of the trial court could very well prove unconscionable as applied to the rights of the first husband. In pro confesso cases the ex-wife, by seeking to terminate her voidable remarriage by annulment instead of divorce, could vitally affect the rights of her first husband by causing his obligation to pay alimony to be reinstated as a matter of law in a proceeding at which he was not even represented.
We conclude that the trial court correctly found plaintiff's right to alimony from defendant had terminated with her *109 voidable remarriage and was not revived by the subsequent annulment.[6]
Affirmed.
McCAIN, J., and TEDDER, GEORGE W., Jr., Associate Judge, concur.
NOTES
[1] Friedman v. Schneider, Fla. 1951, 52 So.2d 420; Chaachou v. Chaachou, Fla. 1961, 135 So.2d 206.
[2] Reese v. Reese, Fla.App. 1965, 178 So.2d 913, 916.
[3] Reese v. Reese, Fla. 1966, 192 So.2d 1, 2.
[4] Jones v. Jones, 1935, 119 Fla. 824, 161 So. 836.
[5] Tyson v. State, 1922, 83 Fla. 7, 90 So. 622; Cooper v. Cooper, 1935, 120 Fla. 607, 163 So. 35.
[6] Accord, Husted v. Husted, 1963, 222 Cal. App.2d 50, 35 Cal. Rptr. 698; Sefton v. Sefton, Cal. 1955, 45 Cal.2d 872, 291 P.2d 439. Contra. Robbins v. Robbins, 1961, 343 Mass. 247, 178 N.E.2d 281.