WALDEN, Judge.
This is an appeal by the husband from the denial of his motion to modify his divorce decree. We find merit in his allegations and reverse.
The parties were divorced on October 14, 1962. No monetary alimony was awarded to the wife but she was given the “use and occupation” of the marital domicile, held by a tenancy by the entireties, and the husband was required to pay half the cost of maintaining same. On October 20, 1964, the wife remarried.
The husband now seeks, for the first time formally, to be relieved of his obligation, to collect rent from his former wife, and to partition the home in keeping with the parties’ status as tenants-in-common. Ch. 689.15, F.S.1969, F.S.A.
We agree with the husband that his house contributions were in lieu of alimony, as an incident of support. This concept was discussed in Berger v. Berger, Fla.App.1966, 182 So.2d 279:
“ . . . It is clear that the court may award the use and possession of a home owned as a tenancy by the entirety, whether homestead or not, to a wife as an incident to the court’s power to award child support or alimony. In such cases it is simply a charge upon the home of the husband’s obligation to support his wife and minor children. See Pollack v. Pollack, 1947, 159 Fla. 224, 31 So.2d 253; McRae v. McRae, Fla.1951, 52 So.2d 908; Banks v. Banks, Fla.1957, 98 So.2d 337; Brown v. Brown, Fla.App.1960, 123 So.2d 298. See also 14 U.Fla.L.Rev.128 (1961) and 8 F.L.P. Divorce and Alimony § 60.”
See also Thomas v. Greene, Fla.App.1969, 226 So.2d 143.
By so characterizing, the husband’s obligation was released and relieved upon the wife’s remarriage. Friedman v. Schneider, Fla.1951, 52 So.2d 420; Chaachou v. Chaachou, Fla.1961, 135 So.2d 206; Evans v. Evans, Fla.App.1968, 212 So.2d 107. However, such a release does not operate automatically. An award of alimony will be terminated by the court, in its discretion, upon proper application. 10 Fla. Jur., Divorce § 163; Friedman v. Schneider, supra; Reese v. Reese, Fla.1966, 192 So.2d 1. See generally 48 A.L.R.2d 270, Anno., Alimony, Effect of remarriage.
Therefore, we can not hold that the husband is entitled to any retroactive relief for his period of inaction to date.
In view of the above reasoning it was also error to order the husband to pay the wife’s attorney fees.
This court concludes that the appealed order be reversed and remanded with instructions to grant the husband’s prayer for partition. The husband shall be relieved of all future obligation to support and maintain his former wife.
Reversed and remanded, with instructions.
REED, C. J., and CROSS, J., concur.