WADDELL, TOM, J., Associate Judge.
This cause came on for review of the trial court’s order refusing to reinstate the wife’s alimony after an annulment of a subsequent marriage. We reverse with instructions.
The husband and wife were divorced in 1963. The husband was required to pay alimony and child support for two children. In February of 1971, the wife went through a marriage ceremony with one Stridel, the husband ceased alimony payments but continued child support. In May of 1971, the wife sought to have the marriage to Stridel annulled. Stridel was served, filed no answer and a default was entered. In August a final judgment was entered declaring the February marriage void ab initio.
In September of 1971, the wife petitioned in the original divorce proceeding for restoration of alimony and increase in child support.
The trial court made a finding of fact that “no competent evidence was presented to this court to substantiate the allegations made by the plaintiff that the annulment entered by the court was based on a bigamous marriage”. The court also found the children’s needs and the husband’s ability justified an increase in child support. The trial court’s order on said petition denied restoration of alimony but increased child support 50% plus all medical expenses of the two children.
*724 The wife appeals that portion of the order denying restoration of her alimony and raises four points for review. The first point questions the authority of the trial judge to look behind a final judgment of annulment declaring a marriage void. We feel this point is dispositive of the cause so we go no further.
Our Supreme Court in Reese v. Reese, 192 So.2d 1, said “The situation, in our opinion, should be governed by the simpler and well established principle that a bigamous marriage under our law is void and therefore ineffective to alter the legal rights of the parties involved in this controversy”.
The cause is remanded for reinstatement of the alimony and reconsideration of child support in that the failure to reinstate alimony may have been considered in increasing said support.
It is so ordered.