STEWART, JAMES R., Jr., Associate Judge.
In 1973 the Kelley’s marriage was dissolved by a Florida judgment which required Lawrence to pay periodic alimony to Barbara. The payments were to terminate should she remarry. In 1973 she remarried in Texas and he stopped further payments. When a Texas Court annulled the second marriage, he did not resume payments.
Subsequently Barbara returned to Florida, petitioned to modify the Final Judgment and moved to have Lawrence held in contempt for failure to pay alimony. He answered the petition alleging her remarriage as an affirmative defense to alimony payments and filed a counterpetition for modification.
In the course of ruling upon the many matters presented at the Final Hearing, the trial Court stated:
“(h) Upon consideration of all the pleadings as amended and the evidence adduced at the trial the Court finds that the marriage . . . was annulled and rendered void ab initio ... by judgment (of the Texas Court) and the Husband is therefore obligated for future alimony . . . and for arrearage
Lawrence appeals the cited portion of the Order modifying Final Judgment and argues the trial court improperly construed the legal effect of the Texas judgment. He now contends the Texas marriage was only voidable under Florida law and he received inadequate notice that Barbara would request the trial court to take judicial notice of any applicable Texas law to the contrary.
We find the argument concerning the legal effect of the Texas judgment to be without merit.
The ground upon which the annulment was based would only render the marriage voidable in Florida, Evans v. Evans, 212 So.2d 107 (Fla. 4th DCA 1968) and would not require the resumption of alimony payments. However, the same ground, by Texas statute renders the marriage void ab initio, Tex.Fam.Code Ann. §§ 2.41-2.46 (Vernon). A void second marriage is ineffective to alter the legal rights existing between Lawrence and Barbara. Reese v. Reese, 192 So.2d 1 (Fla.1966).
Since Barbara did not plead the Texas law and the trial record does not reflect the authorities upon which she intended to rely with reference to the foreign law, Uniform Judicial Notice of Foreign Law Act, Section 92.031, Florida Statutes (1975), Kingston v. Quimby, 80 So.2d 455 (Fla.1955), Lawrence would seem to be justified in claiming that Barbara should have been required to do more than just mention the Texas statute in pretrial discussions and correspondence between counsel in order to comply with the prerequisites of the uniform act.
“. . .to enable a party to offer evidence of the law in another jurisdiction or to ask that judicial notice be taken thereof, reasonable notice shall be given to the adverse parties either in the pleadings or otherwise.” [Section 92.031(4), F.S.]
However, Lawrence did not raise this point in his Assignments of Error and we must confine the parties to the points properly raised for our consideration. 2 Fla. Jur., Appeals, § 290. The points which were raised having been considered and found to be without merit, the decision of the trial court is affirmed.
AFFIRMED.
MAGER and DOWNEY, JJ., concur.