PER CURIAM.
This is an appeal by Milton J. Hall from a final judgment granting a partition of a former “marital” home which was held by *208 the parties as tenants in common. The appellant contends on appeal that the trial court was in error in entering this final judgment of partition because, he claims, the equities required that he be given more than a one-half interest in the subject property. The trial court dismissed the appellant’s counterclaim below, which sought to quiet title and reform the deed to the subject property, on the basis that a prior final judgment, which annulled the marriage between the parties and ordered that the former “marital” home be held as tenants in common, barred the appellant from relit-igating the interests held by the parties in the subject property.
We disagree and reverse based on a holding that the circuit court in the prior proceeding did not adjudicate the competing property interests of the parties in the former “marital” home, and thus the doctrines of res judicata and collateral estoppel cannot bar the appellant’s counterclaim in the instant case. We reach this result because (1) the former proceeding was a marriage dissolution action in which the circuit court found there was no valid marriage between the parties; (2) the circuit court thereafter annulled the subject marriage, restored the parties to the status quo ante and made no property distributions in the case;[1] and (3) the final judgment entered in the prior proceeding did not result from full litigation of the property distribution issue and therefore does not operate as a res judicata or collateral estoppel bar to the appellant’s counterclaim which seeks to adjudicate the property interests in the former “marital” home. See Gordon v. Gordon, 59 So.2d 40, 46-47 (Fla.), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952); R & S Partnership v. Martin Schaffel Enters., 529 So.2d 794, 795 (Fla.Sd DCA 1988); Nationwide Mut. Ins. Co. v. Race, 508 So.2d 1276, 1278-79 (Fla.3d DCA 1987), approved on other grounds, 542 So.2d 347 (Fla.1989); Krug v. Meros, 468 So.2d 299, 302-03 (Fla.2d DCA), rev. denied, 480 So.2d 1295 (Fla.1985); cf. Mobile Oil Corp. v. Shevin, 354 So.2d 372, 374 (Fla.1977) (when same issue has been fully litigated between the parties, collateral estoppel applies).
The final judgment of partition is reversed and the cause is remanded to the trial court for a new trial in which the appellant’s counterclaim shall be entertained.
Reversed and remanded.

. Although there was no appeal of the prior proceeding, it is doubtful whether the trial court had the actual authority to annul the marriage in absence of proper pleadings specifically requesting an annulment where the only pleadings before it at the time requested marriage dissolution. Sack v. Sack, 184 So.2d 434, 435-36 (Fla.3d DCA 1966); see In re Estate of Hatch-er, 439 So.2d 977, 980 (Fla.3d DCA 1983); Nalley v. Nalley, 406 So.2d 1240, 1242 (Fla. 1st DCA 1981); Defreitas v. Defreitas, 398 So.2d 991, 992 (Fla. 4th DCA 1981); cf. Atkins v. Atkins, 326 So.2d 259 (Fla. 4th DCA 1976) (in proper annulment proceeding, court may distribute property); Dandy v. Dandy, 234 So.2d 728, 730-31 (Fla. 1st DCA 1970) (same).