608 So.2d 568 (1992)
In the Interest of C.M.P., a child.
No. 92-00935.
District Court of Appeal of Florida, First District.
November 19, 1992.
Reese A. Waters, Jr., Jacksonville, for appellant.
Carol H. Yearwood, Jacksonville, for appellee Dept. of Health and Rehabilitative Services.
Tracy S. Carlin of Foley & Lardner, Jacksonville, for appellee Guardian Ad Litem.
PER CURIAM.
This cause is before us on appeal from a final order terminating parental rights. Only one issue merits discussion. Appellant contends that the trial court erred in failing to make findings with regard to the best interest of the child as required by section 39.467(2), Florida Statutes.
The court's order terminating parental rights states that it is "manifestly in the best interest of the child that parental rights be terminated and that the child be permanently committed for subsequent *569 adoption." However, the order does not indicate that the trial court considered or evaluated all of the factors delineated in section 39.467(2)(a)-(k), Florida Statutes, in reaching the determination that termination of parental rights was in the manifest best interest of the child. In In re Interest of B.T., 597 So.2d 398 (Fla. 1st DCA 1992), this court held that reversal is required where the statutory factors of section 39.467(2), Florida Statutes, are not considered. Our review of the record indicates that most of the factors of section 39.467(2) were considered by the trial court. However, we find no basis on which we could find that the trial court considered factor (2)(d) of section 39.467.
Accordingly, we must reverse the order terminating parental rights, and remand the case for entry of an order containing the necessary findings of fact.
BOOTH, WIGGINTON and BARFIELD, JJ., concur.