HERSEY, Judge.
In this appeal from post-judgment proceedings in an action for dissolution of marriage, appellant, the former husband, raises two issues.
At the trial court level appellant challenged the validity of a previously executed Reconciliation Agreement. The matter was disposed of adversely to appellant on the basis of res judicata. Inappropriately so, asserts appellant on appeal, because this affirmative defense (res judicata) was never pled, having been raised as an issue upon appellee’s motion to dismiss. While appellant’s contention has substantive merit, see Frank v. Campbell Property Management, Inc., 351 So.2d 364 (Fla. 4th DCA 1977), and Hough v. Menses, 95 So.2d 410 (Fla.1957), it fails on procedural grounds since appellant did not make this argument in the lower tribunal. On this issue, then, we affirm.
Appellant next contends, as he did below, that periodic payments required by the Reconciliation Agreement are in the nature of alimony and thus appellee’s remarriage terminated his obligation to continue those payments. See Keister v. Keister, 458 So.2d 32 (Fla. 4th DCA 1984), rev. denied, 466 So.2d 217 (Fla.1985); Hartzell v. Hartzell, 434 So.2d 353 (Fla. 4th DCA 1983). Appellant correctly concedes that termination of the alimony obligation upon remarriage is not automatic and that application must be made to the court for relief. See, e.g., Bemst v. Cotter, 256 So.2d 529 (Fla. 4th DCA 1972).
On the other hand, appellee, the former wife, argues that the periodic payments are imposed as part of a property settlement scheme and thus are neither terminable nor modifiable. The legal conclusion that periodic payments which implement a true property settlement agreement may not be modified and do not terminate upon remarriage of the obligee is well established. See Fecteau v. Southeast Bank, N.A., 585 So.2d 1005, 1008 (Fla. 4th DCA 1991); Mandy v. Williams, 492 So.2d 759, 760 (Fla. 4th DCA 1986). The difficulty herein is that the lower tribunal made no specific finding as to the nature of the periodic payment obligation, and we cannot discern its character from the record before us.
Based on the foregoing, we affirm the holding that appellant is barred by the doctrine of res judicata from re-litigating the validity of the Reconciliation Agreement. We reverse and- remand for such further proceedings as may be necessary or appropriate for the trial court to make a determination as to the character of the periodic payments and, if alimony, whether and when the obligation to make those payments terminated.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
ANSTEAD, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.