647 So.2d 1047 (1994)
Elizabeth G. ARNELLE, Appellant,
v.
Joyce Ann FISHER, in her capacity as personal representative, Appellee.
No. 93-2473.
District Court of Appeal of Florida, Fifth District.
December 22, 1994.
Reginald E. Moore, Daytona Beach, for appellant.
*1048 Joyce A. Savage of Savage & Associates, P.A., Orlando, for appellee.
HARRIS, Chief Judge.
The issue on appeal is whether the appellant, Elizabeth G. Arnelle, has standing to bring suit to annul the marriage of a deceased based on allegations that the consent to the marriage was obtained through undue influence. We agree that appellant lacks standing and affirm.
In 1990, William E. Fisher was diagnosed with terminal prostatic cancer. Appellee Joyce Ann Fortson, now Fisher, met Mr. Fisher at Princeton Hospital when she was one of the nurses assigned to care for him.
Several weeks after his discharge, the two began visiting each other at their respective homes and spending time together. Ms. Fortson eventually moved in with Mr. Fisher. The two decided to wed.
Approximately one month after the wedding and nine days before Mr. Fisher's death, he executed a will before the same notary who had performed his marriage ceremony. The will, witnessed by friends of Ms. Fortson's, named her four children as beneficiaries even though Mr. Fisher had met them on only one occasion.
Mr. Fisher died after being married to Ms. Fortson for 41 days. Ms. Fortson filed a petition for administration and appellant, Mr. Fisher's first cousin, filed a petition for annulment of marriage, revocation of will, determination of beneficiaries, removal of personal representative, complete and full accounting, and appointment of new personal representative. The primary basis of the petition was that Ms. Fortson had exercised undue influence over Mr. Fisher in persuading him to enter into the marriage and sign the will.
A non-jury trial was held on November 24, 1993, after which the trial court orally made the following findings:
1. That Ms. Fortson was conniving and exhibited undue influence over Mr. Fisher.
2. That the 1942 supreme court case of Savage v. Olson, 9 So.2d 363 (Fla. 1942), held that a showing of gross fraud could be the basis of declaring a marriage void after the death of a spouse, but there was no such showing in the instant case.
3. That based on Hoffman v. Kohns, 385 So.2d 1064, 1069 (Fla. 2d DCA 1980), "A marriage to which the consent of one of the parties is obtained by undue influence is merely voidable" and "cannot be attacked on this basis after the death of either party."
4. That Ms. Fortson obtained Mr. Fisher's consent to the marriage by undue influence.
5. That all of the psychiatrists agreed in their reports that before the wedding, Mr. Fisher was still capable of thinking in terms of his social environment and where he wanted to live and make decisions in that respect. Therefore, despite the fact that some of the psychiatrists' reports indicated that Mr. Fisher lacked the ability to make contracts, this opinion would not be sufficient to overturn the marriage.
In its written order, the court found:
1. That Mr. Fisher did not lack the mental capacity to enter into a marriage contract with Ms. Fortson;
2. That the marriage was voidable, not void;
3. That annulment of a voidable marriage may be sought only during the lifetime of both parties and only by one of those parties;
4. That therefore Mrs. Arnelle had no standing to seek an annulment of the Fisher marriage.
Although the invalidity of a void marriage may be asserted in either a direct or collateral proceeding and at any time, either before or after the death of the husband, the wife, or both, a voidable marriage is good for every purpose and can only be attacked in a direct proceeding during the life of the parties. Kuehmsted v. Turnwall, 103 Fla. 1180, 138 So. 775, 777 (1932). Upon the death of either party, the marriage is good ab initio. Id. The question in this case, then, is whether the Fisher marriage was void or voidable.
Relying on the supreme court case of Tyson v. State, 83 Fla. 7, 90 So. 622 (1922), the Second DCA has held that, "A marriage to which the consent of one of the parties is *1049 obtained by undue influence is merely voidable" and "cannot be attacked on this basis after the death of either party."[1]Hoffman v. Kohns, 385 So.2d 1064 (Fla. 2d DCA 1980), disapproved on other grounds, Fla. Nat. Bank of Palm Beach County v. Genova, 460 So.2d 895 (Fla. 1984). Because Mrs. Arnelle's petition seeking annulment was based on allegations of undue influence only, she has described a merely voidable marriage which cannot be attacked after the death of one of the parties. Therefore, based on Hoffman, the trial court was correct in holding that she has no standing to pursue annulment of Mr. Fisher's allegedly voidable marriage.
Appellant's reliance on Savage v. Olson, 151 Fla. 241, 9 So.2d 363 (1942), is misplaced. In Savage, the court permitted the heirs of a deceased marriage partner to attack the marriage because it was procured by fraud on the part of one party and the diminished mental capacity of the other. This holding at least suggests that where the combination of fraud and mental incapacity are present, the marriage is void and can be annulled after the death of one of the parties. However, in our case, the trial court found that Mr. Fisher was not mentally incompetent. That finding is supported by the record.
AFFIRMED.
COBB and THOMPSON, JJ., concur.
NOTES
[1] In Tyson, the supreme court held:

The general rule, supported by the great weight of authority and which we regard as sound in principle, is to the effect that a marriage procured by fraud or while one of the parties thereto is actually under legal duress is voidable only ...
90 So. at 623.