681 So.2d 893 (1996)
T.C., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 95-3405.
District Court of Appeal of Florida, Fourth District.
October 23, 1996.
Michael Dubiner of Michael Dubiner, P.A., West Palm Beach, for appellant.
Charles D. Peters, West Palm Beach, for appellee.
PER CURIAM.
The appellant's parental rights were terminated by order of the court in which it recited facts and reached conclusions of law. The termination was based in part on appellant's stipulation that he had sexually molested his young daughter. Testimony at the trial, recited in the order, revealed that the father attempted to excuse his conduct by stating that the daughter, between the ages of six and ten during the period of molestation, initiated the encounters. He did not think that what he had done amounted to abuse or harm to her. The father is serving a long prison term as a result of his conduct.
He claims that we should reverse the order of termination because the trial court failed to address in its order each of the factors enumerated in section 39.4612, Florida Statutes (1995). While the statute says that the trial court must consider and evaluate all relevant factors, including those listed therein, section 39.469(3), Florida Statutes (1995), states: "If the court terminates parental rights, the court shall enter a written order of disposition briefly stating the facts upon which its decision to terminate the parental rights is made." Id. (emphasis supplied). The trial court has complied with this directive, and in review of its order, competent substantial evidence exists to support it.[1] In fact, we find that the evidence supporting termination was overwhelming, and thus any deficiency in the order would be excused in any event. See A.T. v. Department of Health & Rehabilitative Servs., 490 *894 So.2d 155 (Fla. 1st DCA 1986). We therefore affirm.
WARNER, PARIENTE and SHAHOOD, JJ., concur.
NOTES
[1] Appellant points to cases which appear to require an order of termination of parental rights to address each and every factor listed in section 39.4612 and to be reversible if the order fails to do so. See In re C.K., 601 So.2d 1331 (Fla. 2d DCA 1992); In re C.M.P., 608 So.2d 568 (Fla. 1st DCA 1992); I.M. v. Department of Health & Rehabilitative Servs., 668 So.2d 275 (Fla. 1st DCA 1996). To the extent that these cases require that the order recite and discuss each and every factor, we disagree with their interpretation of the relevant statutes. However, we deem this to be a case where there is overwhelming evidence to support termination. Thus, our disagreement is not dispositive, and we do not certify conflict with these decisions.