POLEN, Judge.
The Department of Children and Family Services (the Department) appeals an order denying its petition to terminate the mother’s rights to her two sons, but readjudicating the children dependent and directing it to prepare a new case plan with the goal of reunification. We find there was sufficient evidence in the record to support the trial court’s determination.
The Department instituted the petition following the conviction of the father for sexually abusing the minor children. The petition sought to terminate both parents’ rights, alleging as grounds for termination of the mother’s rights that she was aware of the father’s prior conviction for lewd and lascivious acts against a minor (his niece), yet allowed the father to sleep with the children, did nothing to protect the children, and denied the allegations of abuse against her husband. The father voluntarily surrendered his parental rights.
The petition did not indicate which subsection of the relevant statute, section 39.464, Florida Statutes, was being invoked. At the termination hearing, the court questioned the Department about which subsection^) of section 39.464, Florida Statutes, it based the grounds for termination in this case. During closing argument, the Department made it clear that it was seeking termination only under section 39.464(1)(c).[1] This statute required that the Department prove three facts: (1) that the mother had engaged in conduct that threatened the life or well-being of one or more of her children; (2) that her continuing involvement with the children would continue to threaten their life or well-being; and (3) that this threat will remain irrespective of the provision of services. At the hearing, the Department had the burden of proving by clear and convincing evidence both the statutory grounds for termination and that reunification of the children with the appellant would pose a substantial risk of harm to the children. Padgett v. Depar *659 tment of Health & Rehabilitative Servs., 577 So.2d 565, 571 (Fla.1991). The court found that the Department proved that the children’s father had engaged in harmful conduct, but not that the mother had either participated in the abuse or had otherwise harmed the children. It found no evidence that, once the father was removed from the home, the mother would be unable to be an adequate parent with some training and assistance. In sum, it concluded that the Department had not met its burden of proof and denied the petition, but readjudieated the children dependent and left them in the Department’s custody. The order made no express findings about the best interests of the children.
The Department moved for rehearing on the merits of the decision, in which it also raised the failure of the court to make a best interests determination. The Department conceded, however, both below and on appeal, that a finding that it would not be in the children’s best interests to maintain the mother’s parental rights would not affect the decision not to terminate. In denying the motion for rehearing, the court found that the Department had not shown that the mother could not care for the children once the father was out of the house, and pointed to the fact there had been no attempt by the Department to work with the mother to determine whether she could care for the children on her own after the father was removed from the home. This appeal followed.
The Department first argues that even where termination is denied, the court had the duty to consider the best interests of the children under section 39.4612, Florida Statutes. That statute states that “[i]n a hearing on a petition for termination of parental rights, the court shall consider the manifest best interests of the child” and goes on to list factors to be considered in reaching that determination. § 39.4612, Fla. Stat. (1997). Those cases that have discussed this statutory requirement have done so only in the context of orders that terminated rights. See, e.g., T.C. v. Department of Health & Rehabilitative Servs., 681 So.2d 893 (Fla. 4th DCA 1996), rev. denied, 689 So.2d 1072 (Fla.1997); I.M. v. Department of Health & Rehabilitative Servs., 668 So.2d 275 (Fla. 1st DCA 1996); In re C.K., 601 So.2d 1331 (Fla. 2d DCA 1992); In re C.M.P., 608 So.2d 568 (Fla. 1st DCA 1992). Even if the statute required that this finding be made in every case, the court’s failure to do so here was harmless, since the Department concedes that such a finding would not have affected the ultimate denial of its petition.
We also disagree with the Department’s second argument, specifically, that the court erred in failing to consider other statutory bases for termination, such as the mother’s failure to protect the children from the father’s abuse. Even if this were true, we still must affirm, since the Department failed to present this issue below. See Betts v. Samardak, 609 So.2d 700 (Fla. 4th DCA 1992)(holding former husband could not raise new argument on appeal that he failed to raise in the lower tribunal).
AFFIRMED.
DELL and GROSS, JJ., concur.

. Section 39.464(1)(c) provides:
(1) The department, the guardian ad litem, a licensed child-placing agency, or any person who has knowledge of the facts alleged or who is informed of said facts and believes that they are true, may petition for the termination of parental rights under any of the following circumstances:
(c) When the parent or parents engaged in conduct toward the child or toward other children that demonstrates that the continuing involvement of the parent or parents in the parent-child relationship threatens the life or well-being of the child irrespective of the provision of services. Provision of services is evidenced by proof that services were provided through a previous plan or offered as a case plan from a child welfare agency.