[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13973
Non-Argument Calendar
_____

Agency No. A096-012-323

HENRY VARGAS PERDOMO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 14, 2013)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Henry Vargas-Perdomo seeks review of the Board of Immigration Appeals'

("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") denial of his

application for special rule cancellation of removal based on the determination that he was never the spouse to a lawful permanent resident.  On appeal, Vargas-Perdomo argues that, in denying his application for special rule cancellation of removal, the IJ erred by determining that his prior marriage never existed and that he was not a spouse of a lawful permanent resident because a Florida court had annulled his marriage.  After careful review, we deny the petition.

We review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  To the extent that the BIA's determination was based on a legal determination, we review de novo.  Delgado v. U.S. Att'y Gen., 487 F.3d 855, 860 (11th Cir. 2007).  In a case like this one, where the BIA issues a single-judge, non-precedential decision and does not rely on any precedent in reaching its decision, we do not give the decision any deference under Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984).  See Quinchia v. U.S. Att'y Gen., 552 F.3d 1255, 1258 (11th Cir. 2008) (holding that a single-judge, non-precedential BIA opinion is not entitled to Chevron deference where it does not rely on existing BIA or federal court precedent).

Under 8 U.S.C. § 1229b(b)(2), which provides a "special rule for battered spouse or child" aliens, the Attorney General has discretion to cancel the removal

2

of an alien who demonstrates: (1) the alien has been battered or subjected to extreme cruelty by a spouse or parent who is or was a lawful permanent resident; (2) continuous physical presence in the United States for at least three years preceding the date of the application; (3) good moral character during that period; (4) a lack of certain criminal convictions; and (5) that removal would result in extreme hardship to the alien, the alien's child, or the alien's parent.  8 U.S.C. § 1229b(b)(2)(A).

In Florida, a marriage may be annulled by a party who was the victim of a marriage ceremony procured by fraud and deception of the other party, and when the marriage had not been consummated.  Cooper v. Cooper, 163 So. 35, 37 (Fla. 1935).  A marriage procured by fraud generally is voidable only, and thus, is valid and binding on the parties until annulled by a court of competent jurisdiction. Tyson v. State, 90 So. 622, 623 (Fla. 1922).  However, when a marriage is void, it is treated as if no marriage had ever taken place.  See Kuehmsted v. Turnwall, 138 So. 775, 777 (Fla. 1932).  Regardless of whether state law indicates that an annulment rendered a marriage void or voidable, the BIA has provided that in some cases, under the relation back doctrine, the annulment of a voidable marriage may be treated as if the marriage never existed if "the purposes of justice are deemed to require."  See Matter of T—, 8 I. & N.  Dec. 493, 496 (BIA 1959).

3

As an initial matter, we are only reviewing the BIA's final decision in this case since the BIA did not expressly adopt the IJ's decision.  See Al Najjar, 257 F.3d at 1284.  Further, because the BIA's decision is a single-judge, non-precedential opinion, and the BIA did not rely upon a precedential opinion, we do not owe the BIA's opinion Chevron deference.  See Quinchia, 552 F.3d at 1258.

Regardless, the BIA did not err in denying Vargas-Perdomo's application for special rule cancellation of removal.  We recognize that under Florida law, a marriage procured by fraud is generally voidable, and thus, is valid until the time it is annulled.  Tyson, 90 So. at 623.  Despite this general rule, however, a Florida state court declared in a Final Judgment of Annulment that upon the annulment of Vargas-Perdomo's marriage his status was restored to "never married."  Since the Florida court specifically declared that Vargas-Perdomo was "never married," as a legal matter, there never was any marriage in existence between Vargas-Perdomo and his now annulled former spouse.  Kuehmsted, 138 So. at 777.  It therefore follows that Vargas-Perdomo was never the spouse of a lawful permanent resident, which is one of the requirements for special cancellation of removal under the statute.  See 8 U.S.C. § 1229b(b)(2)(A).  Because he does not meet this requirement, the BIA did not err in finding him statutorily ineligible for special rule cancellation of removal.

4

**PETITION DENIED.**

5